# WINSLOW *v.* BALTIMORE AND OHIO RAILROAD COMPANY.

### IN ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 59. Argued December 9, 10, 1907.—Decided January 6, 1908.

The objection, taken by a property owner in a condemnation proceeding for a part of his property, that, under the statute, his entire property must be condemned, is waived and cannot be maintained on appeal, if he accepts the award made by the commissioners in the condemnation proceeding and paid in by the condemnors for the parcel actually condemned. After an award has been made and accepted the proceeding is *functus officio.*

28 App. D. C. 126, affirmed.

THE facts are stated in the opinion.

*Mr. William G. Johnson* for plaintiffs in error:

The acceptance of the fund allowed for the land actually taken is not inconsistent with the claims of the obligation of the company also to acquire and pay for the residue.

The proceedings are informal and no form of pleadings are provided. See §§ 648, 663, Rev. Stats., relating to District of

---

[1] For opinion of the court on motion for rehearing and modification of the decree, see *post,* p. 609.

Columbia. The objection was distinctly made in the answer to the claimed right of the company to acquire a part only of the land, and its obligation to acquire all was also insisted upon. The award was in distinct parts; a specific sum, $35,392.50, for the land taken, and $10,000 for damages to the residue, and the plaintiffs in error only accepted the former sum, the $10,000 remaining in the registry of the court, and the order of the court directing payment recognized this segregation of the fund and treated the part of the fund directed to be paid as "the amount of the appraised value of the land."

*Mr. George E. Hamilton* and *Mr. John W. Yerkes*, with whom *Mr. Michael J. Colbert* and *Mr. John J. Hamilton* were on the brief, for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

This is a writ of error to the Court of Appeals of the District of Columbia. The case under review is a proceeding for the condemnation of land needed for the approach to the Union Station in Washington. The plaintiffs in error were the owners of a lot of unimproved land containing ninety acres. It was of irregular shape and one of its shorter boundary lines was a public highway called Brentwood road. The construction of a union station and the approaches to it of all the steam railroads entering Washington was provided for by two acts of Congress approved February 12, 1901, 31 Stat. 774, and an act approved February 28, 1903, 32 Stat. 912.

Section 3 of the first of the two acts of 1901, 31 Stat. 775, directed that certain streets should be "completely vacated and abandoned by the public and closed to public use." Among them was Brentwood road between S street and Florida avenue. The part of Brentwood road which bounded the plaintiffs in error's land was included in the part thus directed to be closed. Section 5 of the act of 1903, 32 Stat. 912, "vacated, abandoned and closed" certain other streets, including a further portion of Brentwood road, and enacted that "no streets or avenues shall

be closed or abandoned under the provisions of this act or of the acts relating to the Baltimore and Ohio Railroad Company and the Baltimore and Potomac Railroad Company, approved February twelfth, nineteen hundred and one, until all of the property abutting on the streets or avenues, or portions thereof, provided to be closed in said acts, shall have been acquired by said railroad company or companies or the terminal company referred to herein, either by condemnation or purchase."

In 1904 the defendant in error filed an "Instrument of Appropriation," in which it sought to condemn about six-tenths of an acre of the land of the plaintiffs in error, to carry out the purposes of the act of 1903. This land was a small part of the land of the plaintiffs in error which abutted on Brentwood road, and part of it was desired, according to the allegation of the Instrument of Appropriation, "to be used for relocating and changing" a part of Brentwood road which had been closed by the act of Congress. The plaintiffs in error filed an answer, alleging in substance that the railroad company was without power to condemn part of their land abutting on Brentwood road, but must, in obedience to the act of Congress, condemn the whole, and that the company had no authority to lay out streets or reopen or relocate a street which Congress had directed to be closed, and therefore could not condemn land for that purpose. The answer concluded by asking a dismissal of the proceeding. The objections raised by the answer were heard by a justice of the Supreme Court of the District and, on October 18, 1904, overrruled by him. To this ruling there was an exception duly taken. There were thus raised upon the record two questions, in the decision of which, it is earnestly and forcibly argued by counsel, there was error. The two questions are: first, whether the statute, under the provisions of which the condemnation proceedings were had, req. .ed the taking of all the land in a single ownership, which abutted on a street closed by the act, irrespective of its shape or extent; and, second, whether the railroad company had any authority to change or relocate a street declared by the act of Congress

to be closed and abandoned. We do not think it necessary to decide either of these questions for reasons which will now be stated.

After the ruling just stated three persons were appointed by the court to appraise the damages sustained by the plaintiffs in error by the condemnation proposed. They, having heard the parties, reported that the value of the six-tenths of an acre taken was $35,392.50 and the damage to the remaining part of the lot was $10,000.00. On April 20, 1905, the court confirmed the award. On the same day the railroad company, having paid the sum awarded into court, the court, on motion of the plaintiffs in error, directed the payment to them of the sum fixed as the value of the land taken. After having asked and accepted the payment of this sum of money, the plaintiffs in error noted an appeal to the Court of Appeals "from so much of the decree confirming the return and award of the appraisers as fails to require the petitioner, the Baltimore and Ohio Railroad Company, to acquire the entire tract of land described in the answer of the respondents herein and as permits the said petitioner to limit its acquisition to the portion of the said land described in the petition or instrument of appropriation."

If the company was without right to take a part of the land of the plaintiffs in error, unless it took more or all, or if the purpose for which the land was sought to be taken was unlawful, the proper course would be to dismiss the petition. This is what the plaintiffs in error originally asked. But by accepting the sum awarded for the land actually taken, they have lost the right to insist that the petition was not maintainable. They cannot ratify the condemnation by receiving the appraised value of the land condemned and then ask to have the condemnation set aside and annulled; nor do they now wish or seek to do this. They wish to have the condemnation stand and to receive its fruits. What they seek to accomplish appears clearly in the notice of appeal. It is to compel the railroad to acquire the remaining eighty-nine acres of their land. What the plaintiffs in error wish is stated in other words

in the closing sentence of their brief, where it is said that the case ought to be remanded to the Supreme Court of the District with instructions "there to proceed to the condemnation of the remainder of the land." It is therefore obvious that the plaintiffs in error abide by the logical consequences of their request for and acceptance of the sum found to be the value of the land taken and waive and abandon the objections to the maintenance of the petition, which they originally interposed. We think that the position which they now occupy, in place of that which they have abandoned, is untenable. This proceeding has been allowed to reach its end. The condemnation which the petition sought to have made has been made. The land described in the petition has been appraised, the compensation to be paid has been deposited with the court and received by the owners. We do not regard the failure to ask and receive the $10,000.00 as important. The title to the land has vested in the railroad company. The objections to the maintenance of the petition have been waived. The counsel for the plaintiffs in error asks that the case be remanded to the Supreme Court of the District with instructions to proceed to the condemnation of the remainder of the land. But he does not disclose how in this proceeding that can be done. This proceeding is *functus officio.* Everything which it asked has been done. The defendant in error is satisfied and will not amend the petition. The court is without power to compel its amendment, and certainly cannot of its own motion file a new petition in the name and behalf of the railroad company. Even if we were of the opinion that the railroad company had taken less land than the statute required to be taken, or had taken land for unlawful uses, it would be useless now to express the opinion and idle to remand this case, which by the act of the plaintiffs in error has been put in such a position that our opinion could not be made effective.

These were in substance the views of the court below, and its

*Judgment is affirmed.*