Dr. Don M. SMART, Plaintiff-Appellant,

v.

TEXAS POWER AND LIGHT COMPA-NY et al., Defendants-Appellees.

No. 75–2874
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1976.
Rehearing and Rehearing En Banc Denied Feb. 25, 1976.

See also, 5 Cir., 525 F.2d 1211.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.

S. L. Lewis, Dallas, Tex., for plaintiff-appellant.

Frank M. Ryburn, Jr., J. Dan Bohannan, David Thomas, Asst. Atty. Gen., Dallas, Tex., for D. Briscoe, and others.

John L. Hill, Atty. Gen., Austin, Tex., for defendants-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff-appellant challenges the constitutionality of that provision of the Texas "quick taking" condemnation law which forecloses a landowner who withdraws the money deposited in the registry of the court from thereafter contending that the taking was unlawful. Holding such law to be constitutional, we affirm the dismissal of plaintiff's other constitutional contentions and assertions of invalidity in the taking of his property.

The Texas Power and Light Company took an easement over plaintiff's property for electrical transmission lines under the Texas "quick taking" condemnation statutes, making the required deposit in court of the amount of the award set by the condemnation commissioners. Vernon's Tex.Rev.Civ.Stat.Ann. Arts. 3264–3271. With the state court condemnation suit still pending, the plaintiff brought this action in federal court challenging the constitutionality of the Texas proceedings. Specifically, plaintiff challenges the constitutionality of: first, the "quick taking" provisions of the Texas eminent domain statutes; second, the statutory delegation of eminent domain power to private corporations; and third, the Texas decision of *State v. Jackson,* 388 S.W.2d 924 (Tex.Sup.Ct.1965) which holds that withdrawal by a condemnee of the money paid into the court on quick taking forecloses a legal challenge to the validity of the taking and limits further litigation to the amount of the award.

Since plaintiff took down the funds deposited in the registry of the Texas court, the key to his right to challenge the validity of the taking lies in his attempt to overcome the effect of Texas law that

> In legal contemplation, he has consented to such taking and will not be permitted to retain his compensation and at the same time assert that the condemning authority had no right to take his property under the eminent domain power.

*State v. Jackson,* 388 S.W.2d at 925.

*State v. Jackson's* irrebuttable presumption of legal consent to the taking of a condemnee's property on withdrawal of the deposited funds is not unconstitutional. The eminent domain provisions assure adequate notice to the landowner. By refusing to withdraw the award money, the condemnee may receive a hearing on the validity of the condemnation before a Texas district court, which has authority to grant injunctive relief. Vernon's Tex.Rev.Civ.Stat.Ann. Art. 3269. The United States Supreme Court has approved a similar federal eminent domain procedure (applied in a different context) specifically rejecting asserted Fifth Amendment de-

ficiencies as to notice and hearing. *United States v. Miller*, 317 U.S. 369, 382, 63 S.Ct. 276, 87 L.Ed. 336 (1943). *See also Robinson v. Transcontinental Gas Pipe Line Corp.*, 421 F.2d 1397 (5th Cir.), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1695, 26 L.Ed.2d 64 (1970). The Supreme Court long ago approved the *Jackson*-type presumption of consent:

> But by accepting the sum awarded for the land actually taken, [the property owners] have lost the right to insist that the petition [of condemnation] was not maintainable. They cannot ratify the condemnation by receiving the appraised value of the land condemned and then ask to have the condemnation set aside and annulled
> . . . .

*Winslow v. Baltimore & Ohio Railroad Co.*, 208 U.S. 59, 62, 28 S.Ct. 190, 191, 52 L.Ed. 388 (1908).

■ Appellant asserts that the only way he could receive a return on his investment, *i. e.*, just compensation under the Fifth Amendment, pending litigation and in light of the immediate use of his land, is by taking down the initial award. The Texas Supreme Court recently announced, however, that interest computed from the day of the taking is a proper element of the final award under Art. 3265. *Brunson v. State*, 444 S.W.2d 598 (Tex.Sup.Ct.1969).

■ The Supreme Court has on numerous occasions held that the "necessity and expediency" surrounding the taking of property is a legislative rather than a judicial question, and therefore "quick taking" without a prior hearing is consistent with due process. *Dohany v. Rogers*, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904 (1930); *Georgia v. Chattanooga*, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796 (1924); *Joslin Manufacturing Co. v. Providence*, 262 U.S. 668, 43 S.Ct. 684, 67 L.Ed. 1167 (1923); *Bragg v. Weaver*, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135 (1919). *See 2,953.15 Acres of Land v. United States*, 350 F.2d 356 (5th Cir. 1965).

■ One practical effect of this procedure is to require the land owner to initiate any hearing on the validity of the taking, but this aspect of the Texas eminent domain laws has been held to be compatible with due process. *Joiner v. City of Dallas*, 380 F.Supp. 754, 772 (N.D.Tex.), *aff'd*, 419 U.S. 1042, 95 S.Ct. 614, 42 L.Ed.2d 637 (1974). Even when a condemnee accepts the award and is foreclosed from challenging the validity of the condemnation, he may pursue his due process right to receive just compensation. *State v. Jackson, supra.*

We affirm the district court's dismissal of the plaintiff's suit on the ground that he is foreclosed from challenging the validity of the taking. By this disposition, we need not address appellees' arguments on the issues of laches and abstention, nor appellant's nonconstitutional arguments on statutory interpretation and just compensation.

Affirmed.