An order will be prepared accordingly.

BEAUMONT COCA–COLA BOTTLING COMPANY

v.

BREWERY, SOFT DRINK, INDUSTRIAL AND ALLIED WORKERS UNION LOCAL 1111.

Civ. A. No. B–81–51–CA.

United States District Court, E. D. Texas, Beaumont Division.

March 29, 1982.

---

Ronald Henson, Ford, Harrison, Sullivan, Lowry & Sykes, Atlanta, Ga., James H. Chestnutt, II, Orgain Bell & Tucker, Beaumont, Tex., for plaintiff.

Robert A. Cattanach, Cattanach, Coe & Barfield, Houston, Tex., for defendant.

## MEMORANDUM OPINION

JOE J. FISHER, District Judge.

This case is before the Court on cross-motions for summary judgment. The parties have filed a stipulation as to the essential facts in this dispute over whether the grievance of an employee of the plaintiff and member of the defendant union should be submitted to arbitration in accordance with the terms of the collective bargaining agreement in existence between the parties.

## I

### THE FACTS

The parties are signatories to collective bargaining agreements covering certain of plaintiff's employees; the first agreement effective from October 26, 1976, until October 17, 1979, and the second agreement effective from October 19, 1979, continuing in effect until October 25, 1982. On July 16, 1979, plaintiff's general manager, Sid Hodges, issued to James Kotz, an employee, a letter suspending Kotz from employment "until such time as the Company has acceptable information that you can return to your job of Senior Route Salesman without risk of injury to yourself or others or further aggravation to your old condition."

The next day, the union filed a written grievance protesting Kotz' suspension. The grievance was denied by Hodges that day. On July 18, 1979, the defendant invoked the second step of the grievance process by submitting the grievance in writing to Hodges. On July 14, Hodges met with union's shop steward and denied the grievance in writing.

By letter of July 23, defendant's secretary wrote to the Federal Mediation and Conciliation Service (FMCS) requesting a panel of nine arbitrators so that plaintiff

and defendant could select an arbitrator and dispose of the grievance. The FMCS sent a list to the parties, but on August 24, counsel for plaintiff rejected the panel and requested another panel. The FMCS sent another list on September 10.

Shortly thereafter, the defendants attorney informed plaintiff that the union intended to pursue Mr. Kotz' remedies by filing a lawsuit in state court. On October 3, 1979, the plaintiff requested the defendant to proceed with the arbitration by choosing an arbitrator by each side striking one member until only one member was left. Defendant refused to proceed because it was pursuing the state court action, although defendant stated that it did not wish to drop the arbitration completely.

Finally, the parties have stipulated that the grievance protesting the suspension of James Kotz is one which is subject to the grievance and arbitration provisions of the collective bargaining agreement, that the grievance has not been resolved, that plaintiff continues to seek to have defendant join in selecting an arbitrator, and that defendant refuses to proceed with the arbitration on the ground that the grievant made an independent decision to pursue remedies under state law.

## II

### CONTENTIONS OF THE PARTIES

The plaintiff contends that the sole issue in the case is whether the grievance falls within the arbitration provision in the collective bargaining agreements, and that since the defendant has stipulated to that fact, there is no genuine issue as to any material fact and the defendant must proceed with arbitration in accordance with the written collective bargaining agreement.

The defendant contends that the real issue is whether the plaintiff committed an intentional tort in the suspension of Kotz, and to find for the plaintiff would penalize the employee for joining a labor union. The defendant further contends that this suit is one which should be tried in the state court, that plaintiff's invocation of federal jurisdiction is in bad faith, and that Tex. Rev.Civ.Stat.Ann. art. 8307c is not preempted by 29 U.S.C. § 185.

## III

### DISCUSSION

■ The defendants' position is clearly unsound. The Court is compelled to order arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). In this case, there is no dispute that the arbitration clause (Article X) of the collective bargaining agreement covers the asserted grievance, as the plaintiff has stipulated to that fact.

■ The case does present one peculiarity, in that it was the defendant who initiated the grievance-arbitration process, but the plaintiff-employer who wishes to conclude it. Of course, the defendant may chose to discontinue its grievance and withdraw its request for arbitration. The parties to this case have stipulated that the grievance has not been resolved by arbitration or otherwise. So long as the union has a grievance against the employer, the employer is entitled to have that grievance resolved according to the procedures in the contract.

■ The defendants arguments are correct statements of the law but do not affect the disposition of this case. The union argues, in essence, that the aggrieved employee has a right to pursue his action in state court under Tex.Rev.Civ.Stat.Ann. art. 8307c. Assuming that the defendant is correct and the state courts would assume jurisdiction over such a claim, this does not release the defendant from its contractual obligation to arbitrate the dispute. The Court does not decide whether the defendant or the aggrieved employee may bring a suit in state court arising out of his suspension under art. 8307c. Furthermore the Court has no jurisdiction to grant the de-

fendant the relief it seeks, namely, to compel the plaintiff to proceed in the state suit. The only issue upon which the Court passes is whether the grievance is subject to arbitration. Even if that fact were not stipulated to, the Court would be compelled to find that as a matter of law, the grievance is encompassed by the contractual provision.

There being no issues of fact in dispute, the Court finds that the plaintiff is entitled to the relief sought and plaintiff's motion for summary Judgment is granted. Defendant's motion for summary judgment is denied, as the question of whether the plaintiff must proceed in the state court is not properly before this Court.