**Kathleen Denise SHIRLEY,
Plaintiff–Appellant,**

v.

**MAXICARE TEXAS, INC.,
Defendant–Appellee.**

No. 90–2190.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1991.

John F. Waldo, Edward J. Murphy, Clann, Bell & Murphy, Houston, Tex., for plaintiff-appellant.

Katherine S. Youngblood, Eddie M. Krenek, Herbert T. Schwartz, Wood, Lucksinger & Epstein, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, REAVLEY and KING, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Kathleen Denise Shirley (Shirley) appeals a district court ruling ordering arbitration of her dispute and a subsequent ruling confirming the arbitration judgment. She contends that the district court lacked jurisdiction to order the parties to arbitrate their dispute and lacked jurisdiction to subsequently confirm the arbitration judgment.

Shirley originally filed suit in Texas state court, arguing that defendant-appellee Maxicare Texas, Inc. (Maxicare) wrongfully applied a change in its health insurance policy retroactively to her. Under its original policy, Maxicare offered coverage for organ transplants. Shirley had been diagnosed as needing a liver transplant and was awaiting a donor, when Maxicare ceased to offer transplant coverage. Under the amended terms of the policy, Maxicare refused to cover the cost of a transplant for Shirley after September 1, 1988.

In August, 1988, Shirley filed suit in Texas state court seeking a declaration that Maxicare was obliged to pay for her transplant when a suitable donor could be found. She also sought compensatory and punitive damages.

In September, 1988, Maxicare removed the case to federal district court, on the basis that Shirley's claim was governed by ERISA. Shirley then filed a motion to remand. While her motion was pending, Maxicare filed a motion to abate the proceedings and to order arbitration, which the district court granted. Shirley filed a motion to reconsider, contesting the district court's authority to order arbitration without subject matter jurisdiction. The district court denied the motion, stating that when a dispute is subject to arbitration, a court cannot rule on an issue of whether state or federal court is the proper forum. The court reaffirmed its directive that the parties arbitrate, and Shirley submitted to arbitration under protest, arguing that the district court's order was void because it issued from a court without jurisdiction.

The arbitrator ruled that Maxicare was obliged to provide coverage for Shirley's transplant, but that the obligation persisted only for a reasonable time, that is, through September 1, 1991. The arbitrator also awarded Shirley $25,000 in attorneys' fees in connection with the arbitration. Shirley accepted the check for attorneys' fees which she endorsed over to her law firm and which the law firm subsequently cashed. Maxicare then took the arbitral award to the district court and filed a motion seeking confirmation of the award as the court's final judgment. Shirley opposed the motion on jurisdictional grounds and Maxicare countered that by accepting

the benefits of the award, Shirley was estopped to challenge its validity. The court granted the order confirming the arbitral award.

We find that ERISA does not apply to this case and that the district court lacked jurisdiction over the case, including jurisdiction to order arbitration. We find, moreover, that Shirley was not estopped from challenging the validity of the proceedings below. For the foregoing reasons, we order that the judgment be vacated, that the payment for attorneys' fees accordingly be returned, with interest, and that the case be remanded to state court.

I.

■■ We first consider whether the district court had subject matter jurisdiction over this case. In its petition for removal, Maxicare cited the federal Employee Retirement and Income Security Act of 1974 (ERISA) as its only basis for federal subject matter jurisdiction. Under 29 U.S.C. § 1003(b), however, ERISA shall not apply to any employee benefit plan if such plan is a governmental plan. The term "governmental plan," under ERISA, refers to plans "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). The question before us is whether the employer in this case—the Aldine Independent School District (AISD)—represents a political subdivision, agency or instrumentality of the state.

Shirley cites several cases which support the proposition that Congress intended for plans established or maintained by public school districts to be exempt from ERISA. In *Roy v. Teachers Ins. and Annuity Ass'n*, 878 F.2d 47 (2d Cir.1989), although the court did not specifically hold that the public school (the State University of New York) was a "governmental entity" for the purpose of exemption under ERISA, the

court recognized, as a matter of fact, the University's "governmental status." *Id.* at 50. Similarly, in *Feinstein v. Lewis*, 477 F.Supp. 1256 (S.D.N.Y.1979), the court found as an undisputed fact that the employees of two public school districts were employees of " 'the government of [a] State or political subdivision thereof, or [of an] agency or instrumentality of any of the foregoing.' " *Id.* at 1259 (quoting 29 U.S.C. § 1003(b)).

In *Brown v. Northwestern Nat'l Life Ins. Co.*, the District Court for the Eastern District of Louisiana held that the plan at issue, which was held by a parish school board for its employees and insured dependents, was a "governmental plan." No. 9585, 1987 WL 18813 (E.D.La. Oct. 22, 1987) (LEXIS, Genfed library, Dist file) (following *Feinstein*).

Maxicare cites *Krupp v. Lincoln Univ.*, 663 F.Supp. 289 (E.D.Pa.1987), in order to demonstrate that the issue remains open. *Krupp*, which held that a university's health care plan was not within the "governmental plan" exception to ERISA, however, can easily be distinguished from the case at bar. Unlike the instant case, *Krupp* concerned a private non-profit corporation chartered for educational purposes, as opposed to a public school district. Moreover, as this court stated in *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981), "we have consistently held that it is the party who urges jurisdiction upon the court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal." *Id.* at 549. We do not believe that Maxicare has met this burden.[1]

II.

Maxicare goes on to argue that even if the district court lacked subject matter jurisdiction, it was nevertheless legally permitted to order the parties to arbitrate the

---

1. Even if Maxicare had briefed this issue before the district court, which they failed to do, we do not believe, in the light of existing legal precedent, that they could have overcome their burden of demonstrating federal jurisdiction.

dispute. They argue that in disputes governed by contractual arbitration clauses, a lack of subject matter jurisdiction does not preclude the district courts from ordering the parties to arbitrate. We disagree. In *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir.1985), this court stated unequivocally that "[u]nless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have the authority to issue orders regarding its resolution."

■ Unless a federal court possesses subject matter jurisdiction over a dispute, therefore, any order it makes (other than an order of dismissal or remand) is void. This principle applies to cases involving federal court orders of arbitration. *See, e.g., Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1287 (9th Cir. 1984) (federal court may order arbitration "only when an independent basis of federal jurisdiction already exists"); *Dorn v. Dorn's Transp., Inc.*, 562 F.Supp. 822, 824 (S.D.N.Y.1983) (court dismissed petition to confirm arbitration award where neither diversity nor subject matter jurisdiction based on federal statute other than Federal Arbitration Act).

Maxicare cites no cases supporting the proposition that a federal court that lacks subject matter jurisdiction may nevertheless order arbitration. In the principal case cited by Maxicare, *Beaumont Coca–Cola Bottling Co. v. Brewery, Soft Drink, Indus. and Allied Workers Union Local 1111*, 535 F.Supp. 588 (E.D.Tex.1982), in which the district court ordered the parties to arbitrate their dispute, the federal court's subject matter jurisdiction was not at issue.[2]

### III.

■ Maxicare argues, finally, that even if the district court erroneously ordered the parties to arbitrate their dispute, Shirley is now estopped from challenging the validity of the arbitration because she accepted the benefits of the arbitration award. The Supreme Court stated in *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), that where subject matter jurisdiction is concerned, "the consent of the parties is irrelevant, [and] principles of estoppel do not apply...." *Id.* at 702, 102 S.Ct. at 2104 (citation omitted). Although the Court did not expressly refer to the doctrine of estoppel by acceptance of benefits, it seems clear that it intended this doctrine to be squarely included within its pronouncement. As the Court stated, "[s]ubject-matter jurisdiction ... is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign." *Id.* Unlike personal jurisdiction, which represents an individual right which can be waived, the requirement of subject matter jurisdiction is virtually sacrosanct. *See also Grubb v. Public Util. Comm.*, 281 U.S. 470, 475, 50 S.Ct. 374, 376, 74 L.Ed. 972 (1930) ("jurisdiction of the subject matter must arise by law and not by mere consent").

Prior to the *Bauxites* case, two courts outside of this circuit stated that parties are estopped from challenging subject matter jurisdiction when they accept the benefits of judgments. The court in *Wilson v. Union Elec. Light & Power Co.*, 59 F.2d 580 (8th Cir.1932), found that subject matter jurisdiction existed, but stated, merely as an aside, that even if the proceeding were void for want of jurisdiction, the principle of estoppel would apply. Given the facts of the case, this statement, while not inconsequential, carries less weight than Maxicare contends. The court in *Burgess v. Nail*, 103 F.2d 37 (10th Cir.1939), found that a party was estopped from asserting the invalidity of subject matter jurisdiction; however, that case is distinguishable from the instant case because it involved state,

---

**2.** The defendants in *Beaumont* contended that the plaintiffs' invocation of federal jurisdiction was in bad faith; however, according to our reading of the case, federal jurisdiction appears to have existed under the Labor–Management Relations Act, 29 U.S.C. § 185.

rather than federal, subject matter jurisdiction. Given the posture of these cases, and, in the light of the recent Supreme Court pronouncement in *Bauxites*, we do not find those cases to be persuasive.[3] We find, therefore, in view of the policies surrounding federal subject matter jurisdiction and the absence of controlling precedent to the contrary, that parties are not estopped from challenging subject matter jurisdiction when they accept the benefits of judgments.[4]

### IV.

The judgment of the district court ordering and confirming the arbitration is vacated and the case is remanded to the district court with instructions to remand the case to state court. Pursuant to 28 U.S.C. § 2106, Shirley and her attorneys are hereby ordered to return to Maxicare, within ten days after issuance of our mandate, the $25,000 tendered in satisfaction of the arbitral award, with interest at the rate of 10% per annum from the date of the check to and including the day prior to the return of the funds.

VACATED and REMANDED with instructions.

---

**3.** Maxicare's citation of *Davis v. Wakelee*, 156 U.S. 680, 15 S.Ct. 555, 39 L.Ed. 578 (1895), does not advance their position, because *Davis* was a personal jurisdiction case, and personal jurisdiction, as distinct from subject matter jurisdiction, may be waived. *See Bauxites*, 456 U.S. at 702–03, 102 S.Ct. at 2104–05. The procedural facts of *Winslow v. Baltimore & Ohio R.R. Co.*, 208 U.S. 59, 28 S.Ct. 190, 52 L.Ed. 388 (1908), also cited by Maxicare, distinguish that case as well

from the case at bar. In *Winslow*, subject matter jurisdiction was not at issue; rather, the issue of estoppel concerned the plaintiffs' challenge of the lower court's interpretation of a relevant statute.

**4.** The court notes, however, that at oral argument, Shirley's attorneys agreed to return the $25,000 with interest to Maxicare.