IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50076
Conference Calendar
_____


WILBERT ANTONIO COLEMAN, Pastor,

                                        Plaintiff-Appellant,

versus

DISABLED AMERICAN VETERANS; THORNTON,
SUMMERS, BIECHLIN, DUNHAM & BROWN, L.C.;
CHRISTOPHER CLAY; DAVID J. COATES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-1051
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Wilbert Antonio Coleman appeals the district court's
dismissal of his complaint for lack of subject-matter
jurisdiction.  See Fed. R. Civ. P. 12(b)(1).

    The appellees have filed a motion to strike portions of the
corrected record excerpts submitted by Coleman.  The challenged
portions consist of documents which were either not before the
district court or are altered copies of documents in the record

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on appeal.  We generally do not consider documents which are not part of the appellate record.  See United States v. Flores, 887 F.2d 543, 546 (5th Cir. 1989).  Accordingly, the motion to strike is GRANTED.

Coleman argues that the jurisdictional basis for his complaint was provided by the False Claims Act and the statutes granting the Disabled American Veterans (DAV) a federal charter.  He has not briefed any additional jurisdictional possibilities, and we will not consider such possibilities.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  As the plaintiff, Coleman bore the burden of demonstrating that the district court had jurisdiction.  Shirley v. Maxicare Texas, Inc., 921 F.2d 565, 567 (5th Cir. 1991).  We review de novo the district court's dismissal.  Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998).

The False Claims Act was enacted in order to discourage fraud against the Government.  Robertson v. Bell Helicopter Textron, Inc., 32 F.3d 948, 951 (5th Cir. 1994).  The Act was "primarily directed against government contractors' billing for nonexistent or worthless goods or charging exorbitant prices for delivered goods," but it "also interdicts material misrepresentations made to qualify for government privileges or services."  United States ex rel. Weinberger v. Equifax, Inc., 557 F.2d 456, 460-61 (5th Cir. 1977).

Coleman's claims are not within the ambit of the False Claims Act.  He does not allege that the Government has been defrauded by any act of the defendants.  He argues instead that

**he** was defrauded by those actions. Coleman has not met his burden of demonstrating that jurisdiction was proper under the False Claims Act. Indeed, his argument is frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted) (describing a frivolous appeal as involving issues that are not "arguable on their merits").

Coleman argues that jurisdiction was provided by the federal statutes incorporating the DAV. The Supreme Court has explained that "the rule [is] that a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." American Nat'l Red Cross v. S.G., 505 U.S. 247, 255 (1992). Congress has empowered the DAV to "sue and be sued." 36 U.S.C. § 50304.[1] There is no "specific[] mention[]" of the federal courts. Id. Accordingly, the DAV's congressional charter does not confer federal question jurisdiction over all suits involving the DAV. Coleman's argument is frivolous.

This is not the first frivolous appeal brought by Coleman invoking the False Claims Act and involving facts surrounding his benefits determination. We previously warned Coleman of the consequences of filing future frivolous appeals, and we instructed him to review any pending appeals to ensure that he did not bring frivolous arguments to the court. See Coleman v. United States Dep't of Veterans Affairs, No. 98-50168 (5th Cir. Oct. 20, 1998) (unpublished). After considering a second

---

[1] Coleman cites the prior versions of the statutes providing the DAV with a federal charter. These statutes were recently simplified and recodified at 38 U.S.C. §§ 50301-50308.

frivolous appeal, we sua sponte sanctioned Coleman $105.  <u>Coleman v. Department of Veterans Affairs</u>, No. 98-50736 (5th Cir. Feb. 10, 1999) (unpublished).

We have the authority to impose sanctions sua sponte for bringing frivolous arguments before the court.  <u>See</u> <u>Coghlan v. Starkey</u>, 852 F.2d 806, 808 (5th Cir. 1988).  A "frivolous appeal is one that relies on legal points that are not arguable on their merits."  <u>Lyons v. Sheetz</u>, 834 F.2d 493, 496 (5th Cir. 1987) (citation omitted).  Because Coleman has not heeded our prior warnings, IT IS ORDERED that Coleman is sanctioned $210, doubling the prior sanction.  This sanction must be paid to the clerk of this court.  The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any pro se civil complaint or appeal by Coleman unless he submits proof of satisfaction of this sanction.

MOTION GRANTED; APPEAL DISMISSED; SANCTION IMPOSED.