# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2409SI

_____

|  |  |  |
|---|---|---|
| Rita Fromm, | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Principal Health Care of Iowa, Inc., | * | [To Be Published] |
| and Lou Garcia, | * | |
| Appellees. | * | |

_____

Submitted: March 12, 2001
Filed: March 27, 2001

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and MONTGOMERY,[1] District Judge.

_____

PER CURIAM.

Appellant Rita Fromm ("Fromm") brought this action against Appellees Principal Health Care of Iowa, Inc. ("Principal") and its executive director, Lou Garcia, challenging the denial of certain medical benefits she requested under an employee health insurance plan. Fromm's sole claim was that the denial of benefits violated the Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. § 1132(a)(1)(B). Principal moved to dismiss the complaint under Federal Rule of Civil

_____

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota, sitting by designation.

Procedure 12(b)(1) on the ground that Fromm's health insurance coverage was the result of employment with the City of Des Moines, Iowa ("City"), and thus was a "governmental plan" statutorily exempt from ERISA. The District Court[2] concluded that it lacked subject matter jurisdiction in this action under ERISA because the health benefits plan at issue fell within the statutory exemption for "governmental plans." We affirm.

Federal subject matter jurisdiction is granted to cases arising under ERISA pursuant to 29 U.S.C. § 1132(e). Section 4(b) of ERISA excludes application of the Act's provisions to governmental plans. See 29 U.S.C. § 1003(b)(1). ERISA defines "governmental plan" as a plan "established or maintained for its employees . . . by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." Id. at § 1002(32). ERISA's exemption of "governmental plans" is predicated on federalism concerns. See, e.g., Roy v. Teachers Ins. & Annuity Ass'n., 878 F.2d 47, 49 (2d. Cir. 1989).

While Fromm also was an employee of the City, Fromm's health care coverage with Principal resulted from her husband's employment with the City, which is a political subdivision within the meaning of 29 U.S.C. § 1002(32). The City established and sponsored a health care benefit for its employees. The City contracted with private providers of health care coverage, including Principal, and offered various plans to its employees. Because the City paid the insurance premiums under the health care plan selected by the employees, the plan is deemed to be established and maintained by the City. See Silvera v. Mutual Life Ins. Co., 884 F.2d 423, 426 (9th Cir. 1989) (concluding that behavior inconsistent with any of the criteria in 29 C.F.R. § 2510.3-1(j), such as paying the premiums, would constitute "establishment" of a plan). Despite the fact that Principal is a private company administering the plan, it is still a

_____

[2] The Honorable Harold D. Vietor, Senior United States District Judge for the Southern District of Iowa.

"governmental plan" exempt from ERISA.  See id. (holding that a group benefits policy purchased by the city for employees was a "governmental plan," even though the plan was offered and administered by a private insurer); Simac v. Health Alliance Medical Plans, Inc., 961 F.Supp. 216 (C.D. Ill. 1997) (rejecting an argument that the state's delegation of a health coverage plan to a private entity removed the plan from the scope of ERISA's governmental plan exemption).  Because Fromm's health benefits plan is exempt from ERISA, the district court properly concluded that it lacked subject matter jurisdiction.

The judgment is affirmed.


A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.