Sue **ARNOLD**, Plaintiff,

v.

**CINCINNATI/NORTHERN KENTUCKY INTERNATIONAL AIRPORT GROUP BENEFIT PLAN, et al., Defendants.**

No. Civ.A. 01–193–JMH.

United States District Court,
E.D. Kentucky.

Jan. 17, 2002.

**606**

William G. Geisen, Paul Alley, Graydon, Head & Ritchey, Florence, KY, for plaintiff.

Samuel G. Bridge, Jr., Wyatt, Tarrant & Combs, Louisville, KY, for Cincinnati/Northern Kentucky Intern. Airport Group Ben. Plan, defendant.

Samuel G. Bridge, Jr., Clarence A. Wilbon, Wyatt, Tarrant Combs, Louisville, KY, for Cigna Group Ins., defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on plaintiff's motion to remand this action to Boone Circuit Court [Record No. 6]. The issue being fully briefed [Record No. 7 & 9], plaintiff's motion is ripe for review.

Plaintiff filed suit in Boone Circuit Court against Cincinnati/Northern Kentucky International Airport Group Benefit Plan and Life Insurance Company of North America, plan administrator, alleging wrongful termination of disability benefits. Citing the Employee Retirement Income Security Act of 1974 ("ERISA") as their jurisdictional predicate, 29 U.S.C. § 1001 et seq., defendants subsequently removed the case to this Court. Plaintiff's motion to remand alleges that, because the plan in question falls under ERISA's "governmental plan exception," removal is improper. For the reasons set forth herein, plaintiff's motion to remand is granted.

ERISA applies "to any employee benefit plan if it is established or maintained ... by any employer engaged in commerce." 29 U.S.C. § 1003(a)(1). But despite its broad scope, ERISA expressly exempts from its provisions any "governmental plan." 29 U.S.C. 1003(b)(1). Section 1002(32) defines "governmental plan" as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32).

The issue herein, then, is as follows: Is the Kenton County Airport Board a political subdivision or instrumentality of the state of Kentucky? If so, then the subject plan falls under ERISA's "governmental plan exception" and this Court does not have subject matter jurisdiction over the

instant action. If not, then ERISA is preemptive and jurisdiction is proper.

The question whether a Kentucky airport board is a political subdivision or instrumentality of the state for purposes of ERISA is one of first impression. There is no direct authority to guide the Court: ERISA itself does not define "political subdivision" or "instrumentality", and neither the Supreme Court nor the Sixth Circuit has set forth general standards for determining "political subdivision" or "instrumentality" status (as applied to ERISA, at least).

Despite the absence of direct authority, several factors lead the Court to the confident conclusion that a Kentucky airport board does indeed fall under ERISA's "governmental plan exception," and thus that ERISA is not preemptive and remand is proper. Of these factors, most significant is the fact of the board's statutory creation. In Kentucky, local airport boards such as Kenton County's are established pursuant to authorization granted by KRS § 183.132 et seq. Another factor pointing towards "governmental plan" status is the nature of the board's authority bestowed upon it by the legislature. Under the statutory scheme, the airport boards are granted powers very much governmental in nature; for example, airport boards have police and condemnation powers, and may spend public funds, levy taxes, and issue bonds. KRS § 183.134–136. Perhaps most convincingly, the legislature has made clear that "the exercise of . . . other powers granted to air boards or municipalities . . . are hereby declared to be public, governmental and municipal functions, exercised for a public purpose." KRS § 183.476.

To the extent that there does exist case law relevant to the instant action, the cases also support the conclusion reached above. Most notably, the United States Court of Appeals for the Fifth Circuit has held that a health care plan of a public district school is a "governmental plan" for purposes of ERISA's "governmental plan exception," *Shirley v. Maxicare Texas, Inc.*, 921 F.2d 565 (5th Cir.1991), and the Eighth Circuit has recognized that a municipality is properly considered a "political subdivision" for purposes of the exception, *Fromm v. Principal Health Care of Iowa, Inc.* 244 F.3d 652 (8th Cir.2001). Also, the Sixth Circuit—albeit in an unpublished opinion—found the Wayne State University's Board of Governors to be "clearly a state agency" and thus within the exception. *Komanicky v. Teachers Ins. & Annuity Ass'n*, 2000 WL 1290357, 230 F.3d 1358 (6th Cir.2000) (table).

For the reasons outlined above, the Court finds that the Kenton County Airport Board qualifies as a "political subdivision" or "instrumentality" of the state for purposes of ERISA's "governmental plan exception," and—so concluding—further finds that subject matter jurisdiction does not lie.

Accordingly,

**IT IS HEREBY ORDERED** that

(1) Plaintiff's motion to remand [Record No. 6] be, and the same hereby is, **GRANTED;** and

(2) Plaintiff's motion for compensation for improper removal be [Record No. 6], and the same hereby is, **DENIED.**