NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0617n.06

Case No. 16-1190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>ANDREW HALTTUNEN,</td><td>)</td><td rowspan="2"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE EASTERN DISTRICT OF</td></tr>
<tr><td>CITY OF LIVONIA; CITY OF LIVONIA</td><td>)</td><td>MICHIGAN</td></tr>
<tr><td>EMPLOYEES RETIREMENT SYSTEM</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendants-Appellees.</td><td>)</td><td>OPINION</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**FILED**
Nov 21, 2016
DEBORAH S. HUNT, Clerk

BEFORE: CLAY, KETHLEDGE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Andrew Halttunen brought an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, seeking a declaratory judgment against his employer, the City of Livonia ("the City"), and the City of Livonia Employees Retirement System ("ERS"), the entity that operates his pension plan. For the reasons set forth below, we lack subject matter jurisdiction to hear his claim. We, therefore, **AFFIRM** the judgment of the district court dismissing Halttunen's claim.

I.

In December 1998, Halttunen began working for the City as a police officer. In September 2008, during a traffic stop, he was seriously injured and deemed totally disabled from future employment. Halttunen began to receive both workers' compensation and duty disability

pension benefits. However, pursuant to an ordinance adopted by the ERS, Halttunen's pension benefits were offset by the amount of workers' compensation benefits he received. He, therefore, sought a declaratory judgment against the City and the ERS, seeking to declare that any workers compensation benefits he receives will not be subject to an offset. He claimed subject matter jurisdiction under ERISA, 29 U.S.C. § 1132.

The district court granted the City and the ERS's motion to dismiss and denied Halttunen's subsequent motion for reconsideration, concluding that the pension plan at issue established by the City is a governmental plan as defined by ERISA, and because ERISA does not apply to governmental plans, the court lacked jurisdiction to hear the merits of Halttunen's claim. Halttunen filed a timely notice of appeal.

II.

We review *de novo* the district court's dismissal for lack of jurisdiction. *Askins v. Ohio Dep't of Agric.*, 809 F.3d 868, 872 (6th Cir. 2016). Federal courts have jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C § 1331. One such law is ERISA, which applies to employee benefit plans that are established by certain employers. 29 U.S.C. § 1003(a). However, ERISA explicitly excludes from its scope "governmental plan[s]." *Id.* at § 1003(b)(1). A governmental plan is one "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." *Id.* at § 1002(32).

It is undisputed that the City established and maintains Halttunen's pension plan.[1] But Halttunen argues that an agency or instrumentality of a political subdivision is undefined under ERISA, so the district court should have employed the "test" announced in *NLRB v. Natural Gas*

---

[1] Halttunen appears to suggest that we inquire into whether the ERS is a political subdivision of the State. However, neither party disputes that it is the City, not the ERS, that established and maintains the plan at issue in this case. So, whether the ERS is a political subdivision of Michigan is irrelevant to our inquiry.

*Utility District of Hawkins County, Tennessee*, 402 U.S. 600 (1971), to determine whether the City falls within that definition. *Hawkins County* is inapplicable here. First, unlike Halttunen insists, in considering whether an entity was a "political subdivision" under the National Labor Relations Act ("NLRA"), the Supreme Court did not announce a test. In fact, it expressly declined to consider whether an entity must fall within the two categories that Halttunen insists we must now consider. *Id.* at 605. Rather, it looked to the entity's characteristics, which suggested it had a political character, and concluded it was a political subdivision within the meaning of the NLRA, thus divesting federal courts of jurisdiction. *Id.* at 606–09. It in no way mandated that we consider the factors it did in determining whether an entity is a political subdivision of a state.

Moreover, unlike a city, the entity involved in *Hawkins County*, a utility district, is much less obviously a political subdivision of a state. Unlike utility districts, cities in Michigan are deemed political subdivisions by statute. The Michigan Compiled Laws define a "political subdivision" to include a "municipal corporation" and defines a "municipal corporation" to include "a city." Mich. Comp. Laws § 691.1401(d), (e); *see Wells v. Aetna Life Ins. Co.*, No. 12-CV-10985-DT, 2013 WL 692749, at *2 (E.D. Mich. Feb. 26, 2013) (relying on Michigan Compiled Laws § 691.1401 to determine that Oakland County is a political subdivision of the state of Michigan for ERISA purposes). Halttunen does not point to a single case where a city was held not to be a political subdivision of the state; in fact, he would be hard-pressed to find one. That a city is a political subdivision of a state is so undisputable that many courts have not even involved themselves in the trivial task of analyzing why. *See, e.g., Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652, 653 (8th Cir. 2001) (per curiam); *Weiner v. Klais & Co.*, 108 F.3d 86, 89–90 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v.*

*Sorema, N.A.*, 534 U.S. 506 (2002); *Silvera v. Mut. Life Ins. Co. of New York*, 884 F.2d 423, 427 (9th Cir. 1989); *In re Pensions of the 19th District Judges under Dearborn Emps. Ret. Sys.*, 540 N.W.2d 784, 787 (Mich. Ct. App. 1995).

We, therefore, conclude that the City is a political subdivision of the State of Michigan, making the pension plan at issue a governmental plan excluded from the scope of ERISA.

III.

That the plan established by the City is a governmental plan does not necessarily end our inquiry. The Supreme Court has instructed that when "standing and merits questions converge" federal courts should assume jurisdiction and decide the case on the merits. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 443–44 (6th Cir. 2006) (citing *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). Nevertheless, dismissal for lack of jurisdiction is proper if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous," or in other words, "has no plausible foundation." *Id.* at 444 (quoting *Bell*, 327 U.S. at 682–83; *Williamson v. Tucker*, 645 F.2d 404, 416 (5th Cir. 1981)). So in *Moore*, we held that dismissal for lack of jurisdiction was improper where the plaintiff made "at least a colorable claim" that he was an ERISA participant, another requirement for jurisdiction under ERISA. *Id.* at 445. That the claim was colorable blended the standing and merits issues sufficiently to confer federal jurisdiction. *See id.* Conversely, in *Griffith v. Bell-Whitley Community Action Agency*, 614 F.2d 1102, 1106 (6th Cir. 1980), we upheld a dismissal for lack of jurisdiction because the case law established that the defendant, a community action agency, was clearly not a federal agency or an employee of a federal agency as required by the relevant statutory scheme to vest this Court with jurisdiction.

Halttunen argues that due to the purportedly fact-intensive nature of the inquiry involved in determining whether the pension plan established by the City is a governmental plan, the district court should have treated the City's challenge as one of the merits of his claim, found that it had jurisdiction, and allowed him additional discovery.[2]  However, as discussed above, Halttunen's claim that the City is not a political subdivision has no plausible foundation.  To be sure, other than insisting that we apply *Hawkins County*, Halttunen fails to produce a shred of evidence to support his contention, and discovery would not aid his pursuit.  Halttunen's claim is little more than an attempt to obtain jurisdiction, and we will not permit his bald, wholly insubstantial allegations to force jurisdiction upon this Court.  *See Moore*, 458 F.3d at 444.

IV.

For the foregoing reasons, we **AFFIRM** the district court's judgment dismissing Halttunen's complaint for lack of subject matter jurisdiction.

---

[2] To the extent Halttunen requests discovery regarding the ERS, for the reasons stated *supra* n.1, whether this entity is a political subdivision of Michigan is irrelevant.