341 So.2d 85 (1976)
George A. FOSTER, Jr., Plaintiff-Appellant,
v.
Elmo TULLOS, Defendant-Appellee.
No. 5740.
Court of Appeal of Louisiana, Third Circuit.
December 31, 1976.
*86 Wm. Henry Sanders, Jena, for plaintiff-appellant.
Gaharan & Wilson, by Thomas E. Richard and Joseph Wilson, Jena, for defendant-appellee.
Before HOOD, DOMENGEAUX and HUMPHRIES, JJ.
HOOD, Judge.
George A. Foster, Jr., instituted this suit against Elmo Tullos, d/b/a Tullos Lumber Company, to recover amounts alleged to be due on a contract for the sale of standing timber. The trial judge held that the parties never reached an agreement for the sale of the timber, and he accordingly rendered judgment in favor of defendant, dismissing plaintiff's suit. Plaintiff appealed. We affirm.
The sole issue presented is whether the parties entered into a contract for the sale of the timber.
On July 3, 1974, Merlin B. Smith, a consulting forester, mailed a "Timber Sale Prospectus" to defendant Tullos, informing Tullos that Smith, in his capacity as the representative of plaintiff Foster, was offering for sale the marked pine and hardwood standing timber on a described tract of land in Grant Parish. The prospectus contained a description of the manner in which the trees had been marked and an estimate as to the amount of timber which was being offered for sale. It also contained the following invitation to submit bids for all or any part of the timber:
"You are invited to inspect this timber and offer a lump-sum bid on any part or all. Please mail bids so they will be received by Friday, July 19, 1974. Bids will be opened at our office promptly at 4:00 PM. Anyone wishing to attend is cordially invited."
The prospectus concluded with the statement," We reserve the right to refuse any and all bids."
In response to the invitation contained in the prospectus, defendant Tullos wrote a letter to Smith on July 17, 1974, which reads:
"Following is bid on timber as advertised in prospectus sent out July 3, 1974, situated in NE¼ of SE¼ and the SE ¼ of NE ¼, all south of Big Creek, of Section 20, T 7 N, R 1 W, Grant Parish, Louisiana. Bid Amount$17,685.50."
On July 29, 1974, Smith wrote the following letter to Tullos:
"Enclosed please find timber deed for George A. Foster Sale in Grant Parish. Please look over the contract form and if it meets with your approval, please sign with two witnesses, and return it to me. I will then forward on to Mr. Foster for signature. When the executed instrument gets back to me I'll give you a call and set an appointment for delivering your contract and picking up Mr. Foster's check."
Enclosed with the above letter was a form of a written contract which, if executed by the parties, would unquestionably have constituted a valid sale of the timber from Foster to Tullos. That form of contract, however, contained several stipulations which were not included in the Timber Sale Prospectus mailed to Tullos on July 3, 1974, or in the bid which was submitted by defendant. The form of contract provided, for instance, that:
(1) The vendee would have until August 31, 1975, to cut and remove the timber.
(2) The vendee must pay the severance taxes due on the timber cut pursuant to the contract.

*87 (3) The vendee must pay to the vendor liquidated damages for all other timber which might be damaged, destroyed or removed by the vendee, which damages were to be computed at specified prices per board foot or per cord, all as set out in the contract.
(4) The vendee could not sell or assign any part of the timber conveyed without the written consent of the vendor.
(5) The vendee must hold the vendor harmless from accidents, injuries or damages to any person, or property, resulting from the vendee's operations on lands of the vendor or upon adjacent lands not mentioned in the agreement.
None of the above conditions were set out in the Timber Sales Prospectus or in the bid which was submitted by Tullos. Neither of those documents suggested a date within which timber could be cut and removed. Neither made reference to the payment of severance taxes or liquidated damages. Neither of them purported to restrict the right of the vendee to sell or assign the timber rights, and there were no provisions in the documents requiring the vendee to hold the vendor harmless from damage claims. The evidence does not show that it was a standard practice of the industry to include the above provisions in contracts for the sale of standing timber.
Defendant Tullos did not reply to the letter written by Smith on July 29, and neither Tullos nor Foster have ever signed the form of contract which was enclosed with that letter.
On August 22,1974, Smith wrote to Hunt Lumber Company, enclosing a form of contract providing for the sale by Foster to Hunt of the same timber which was described in the above Timber Sale Prospectus for a price of $16,015.00. In that letter, Smith requested that an officer of Hunt Lumber Company sign the contract and return it to him so that he could obtain Foster's signature.
On the next day, August 23, Smith wrote to Tullos, advising that he had not received from Tullos "signed contracts or any reply from you as of this date," and stating that "If we do not hear from you within the next 10 days regarding this matter, my client will proceed with legal action against you for the damages he has suffered."
On August 30, 1974, or seven days after Smith wrote to Tullos, a contract was entered into between Foster and Hunt Lumber Company, under the terms of which the above timber was conveyed to Hunt Lumber Company for a total consideration of $16,015.00.
This suit was instituted on December 19, 1975. Plaintiff alleges that defendant agreed to pay $17,685.50 for the timber, that he "agreed to cut and remove the timber by August 31, 1975," that the last mentioned date "has passed," and that he is entitled to recover the above amount from defendant. He demands judgment against Tullos for $17,685.50, that being the full amount which Tullos offered to pay for the timber. Foster, of course, had sold the timber to Hunt, a third person, a year prior to August 31, 1975, and he clearly would not have been entitled to recover the full amount of the bid submitted by Tullos, in addition to the amount he had received from Hunt, even if a binding contract had been entered into for the sale of the timber to defendant in 1974. At the trial, Foster stipulated that he now seeks to recover only the sum of $1,670.50 as damages for defendant's alleged breach of contract, that being the difference between the amount of the bid submitted by Tullos and the amount for which the timber was later sold to Hunt Lumber Company.
Plaintiff contends that the Timber Sale Prospectus which Foster mailed to Tullos constituted an offer for the sale of the standing timber described therein, and that the bid submitted by Tullos on July 17 constituted an acceptance of that offer. He takes the position that a valid contract was entered into between the parties when Tullos accepted plaintiff's offer for the sale of the timber.
The trial judge, accepting defendant's arguments instead of those made by plaintiff, held that the Timber Sale Prospectus which *88 Smith mailed to Tullos on July 3, 1974, did not constitute an offer to sell the timber, that it merely constituted an invitation to make an offer for the purchase of that timber, and that the bid submitted by Tullos must be construed to be an offer to purchase the timber under the terms set out in the prospectus. He concluded that Foster rejected defendant's offer, that he then submitted a counter-offer to sell the timber to Tullos under different terms and conditions which were set out in the form of the written contract sent to defendant on July 29, 1974, and that Tullos never accepted the counter-offer made by plaintiff. In view of his finding that no contract was ever entered into between the parties for the sale of the timber, he rendered judgment dismissing plaintiff's suit.
We conclude, as did the trial court, that the Timber Sale Prospectus was not an offer to sell, but that it constituted merely an invitation to submit a bid for the purchase of the timber described in that document. That conclusion is compelled, we think, by the language used in the prospectus which invited the addressee to make an "offer" or to submit a "bid," stated that bids would be opened at a specified time, and reserved to Foster the "right to refuse any and all bids."
The letter written by Tullos on July 17, 1974, constituted an offer to purchase the timber. That offer has never been accepted by Foster. The letter written by Foster's agent, Smith, on July 29, 1974, enclosing a formal contract to be signed by Tullos, constituted a rejection of the offer made by Tullos and the submission of a counter-offer. Tullos has never accepted the counter-offer, and thus there has never been a meeting of the minds between the parties.
Article 1805 of the Louisiana Civil Code provides:
"The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it."
Since Foster imposed conditions or limitations on his alleged acceptance of defendant's offer, Tullos had the right to withdraw his offer. It is apparent from this suit that the offer has been withdrawn.
We find no error in the judgment rendered by the trial court which rejects plaintiff's demands.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.