452 So.2d 384 (1984)
George EAMES, Plaintiff-Appellant,
v.
Herbert Orrin JAMES, et al, Defendants-Appellees.
No. 83-718.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Writ Denied October 12, 1984.
*385 John Sturgeon, Ferriday, for plaintiff-appellant.
Nathan M. Calhoun, Jack McLemore, Jr., Vidalia, Lehman Preis, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
FORET, Judge.
George Eames instituted this suit against several Tensas Parish landowners[1] *386 for specific performance of a timber sales contract which was allegedly entered into between the parties. At issue on appeal is whether the parties actually entered into a contract for the sale of timber.
In the latter part of the summer of 1983, the timber consulting firm of Newman and Brown, acting agents for the defendants, mailed a "Timber Sales Notice"[2] to several lumber companies in the Tensas Parish area. This document provided in part:
"Sealed bids will be received by Newman and Brown Forestry Consultants, Agents for George B. James, Sr., Herbert O. James, Nolan E. Rabb, W.C. Gibson, Jr., George B. James, Jr., and Claude L. Rabb, Owners and Sellers, up to and not later than Wednesday 10:00 a.m., September 8, 1982, for 2,637,220 board feet of hardwood sawtimber and 2,414 cords of hardwood pulpwood, Doyle Scale, located on Frenchie Plantation, in Tensas Parish, Louisiana..."
Also sent along with this notice was a map of the tract of land, a sample timber deed, and a volume summary report indicating the amount and types of trees to be sold. Plaintiff was not sent one of these notices or any of the other related items.
On the morning of September 8, 1983, two bids were received by the defendants. Despite never being sent a notice, plaintiff submitted one of those bids and was the higher bidder of the two. Both of these bids were rejected, however, and plaintiff subsequently filed this suit for specific performance.
At the trial, the defendants moved for a directed verdict at the close of plaintiff's case. The motion was granted by the trial court. Plaintiff now appeals, contending that the timber sales notice constituted an offer for the sale of the timber described therein, and the bid submitted by himself was an acceptance of that offer. Thus, plaintiff takes the position that a valid contract for the sale of timber existed between the parties. Defendants contend that the timber sales notice was merely an invitation to submit a bid and that a valid contract for the sale of timber never existed.[3]
In the common law, it is well settled that a request for bids for the sale of an object is not an offer obliging the one extending the invitation to accept the highest of any of the bids. These requests for bids are considered only as invitations to others to make offers. 17 C.J.S. Contracts, § 48 (1963); William A. Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (Fla.App. 2 Cir.1960). This rule is true even where the call for bids does not reserve the right to reject any and all bids, unless the language explicitly states otherwise. Olson v. Beacham, 102 N.W.2d 125 (N.D.1960); Bromley v. McHugh, 122 Wash. 361, 210 P. 809 (1922).
The aforementioned rule of law is basically the same in Louisiana. For any proposal to qualify as an offer, it must reflect the intent of the author to give to the other party the right of concluding the contract by assent. Where this intent is not present, the proposal cannot be considered an offer, but rather an invitation to negotiate or an expression of willingness to receive offers from others. LSA-C.C. Art. 1803; LSA-C.C. Art. 1813; 1 S. Litvinoff, La. Civil Law Treatise, Obligations, § 130 (1969); Foster v. Tullos, 341 So.2d 85 (La. App. 3 Cir.1976).
Plaintiff contends that the language of the timber sales notice indicates that the defendants intended to be bound by whoever submitted the highest bid. We disagree.
Plaintiff first argues that references to the defendants as "Sellers" throughout the timber sales notice indicates their intent to be bound by the highest bidder. For a proposal to constitute an offer, it must firmly reflect the intent of *387 the author to enter into a contract. A. Levasseur, Precis In Conventional Obligations, a Civil Code Analysis (1980). "Unequivocal words, expressive of mere intent, do not make an obligation." LSA-C.C. Art. 1814. We find that the reference to the defendants as "Sellers" merely indicates an intent to sell, and does not constitute an offer to accept the highest bid.
Plaintiff's second contention is that the statement, "All merchantable sawtimber and pulpwood is to be sold" is a further indication of their intent to be bound by the highest bidder. This statement mentioned by the plaintiff comes directly after a description of the property and before a reference to the volume of timber on the land. This indicates to us that the statement simply gives the bidders a quantative amount of trees upon which to base their bids. LSA-C.C. Art. 1813.[4]
Finally, the plaintiff argues that if the defendants did not desire to be bound by the highest bidder, they should have reserved the right to reject any and all bids. We do not feel that an absence of this reservation, in and of itself, forces the author of the proposal to accept the highest bid submitted. The proposal must be looked at in its entirety. The fact that defendants did not reserve the right to refuse any and all bids is clearly offset by the unequivocal statement that, "Sealed bids will be received"; this only indicates an intention to receive offers from potential buyers.
We conclude, as did the trial court, that the timber sales notice contains no language which would indicate that the defendants intended to be contractually bound by the mere submitting of a high bid. Thus, we find that no timber sales contract existed between the parties.
For the aforementioned reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

APPENDIX

"TIMBER SALE NOTICE
Sealed bids will be received by Newman and Brown Forestry Consultants, Agents for George B. James, Sr., Herbert O. James, Nolan E. Rabb, W.C. Gibson, Jr., George B. James, Jr., and Claude L. Rabb, Owners and Sellers, up to and not later than Wednesday 10:00 a.m., September 8, 1982, for 2,637,220 board feet of hardwood sawtimber and 2,414 cords of hardwood pulpwood, Doyle Scale, located on Frenchie Plantation, in Tensas Parish, Louisiana, described as follows:
East of the West bank of Black Bayou, containing 480 acres; SE ¼ Section 9 and SW ¼ Section 10, and NE ¼ Section 16, Township 10 North, Range 9 East, Tensas Parish, Louisiana.
All merchantable sawtimber and pulpwood is to be sold. Attached is a tabulation of the timber to be sold showing the number of trees and board foot volume Doyle Scale, by diameter class at breast height. The sellers do not guarantee the estimated volume of timber and it is suggested that bidders carefully inspect the volume and quality of timber prior to submitting a bid. The bidder will be notified within 24 hours of the bid opening and may have until October 31, 1984, to remove the timber under a written contract with the seller.
The Sellers request the payment to be made as follows: Twenty-five per cent (25%) of the total bid due thirty (30) days after the bid opening. Prior to initiation of the first third of logging operations twenty-five per cent (25%) of total bid price will be due. Prior to initiation of the second third of logging operations twenty-five per cent (25%) of the total bid price will be due. *388 Prior to initiation of the final third of logging operations the final twenty-five per cent (25%) of the total bid price will be due. As logging operations progress, calculation of amount of area cut will be agreed upon by Buyer and Sellers or Sellers representatives.
Bid should be on a lump-sum basis and submitted in an envelope clearly marked "Frenchie Timber Bid." Bids may be delivered in person to the office of Newman and Brown Forestry Consultants (Paul Green Realty Building) 301 Highway 61, South, Natchez, MS. 39120 or mailed to Newman and Brown Forestry Consultants, 1223 Horseshoe Drive, Natchez, MS. 39120. Bids will be opened immediately after the specified time mentioned above.
No "Show-me-trip" is scheduled, but interested buyers having any questions should contact Newman and Brown Forestry Consultants, Phone 445-2382, Natchez, MS."
(Letterhead omitted.)
NOTES
[1] Named defendants were Herbert Orrin James, George Bolton James, Sr., Jacquelyn James Gibson, and George Bolton James, Jr.
[2] This notice is reproduced in its entirety in the appendix.
[3] Defendants also contend that because no sales notice was ever sent directly to plaintiff, he had no capacity to make a valid acceptance of any offer which may have been made by them. Because we find that the defendants never actually made that offer, we need not reach this second question.
[4] LSA-C.C. Art. 1813 provides:

"Art. 1813. Language not evincing Intention to contract
Art. 1813. Even when words are unequivocal and expressive of assent, they are not always obligatory, when from the context, if in writing, or from what in speech is equivalent to it, the words which immediately precede, or follow, it appears that the party did not intend to obligate himself."