506 So.2d 1325 (1987)
NORTH CENTRAL UTILITIES, INC., Plaintiff-Appellant,
v.
WALKER COMMUNITY WATER SYSTEM, INC., Defendant-Appellee.
No. 18668-CA.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1987.
*1326 Joe D. Guerriero, Monroe, for plaintiffappellant.
Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for defendant-appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
North Central Utilities, Inc., plaintiff-appellant, appeals a judgment sustaining the defendant's motion for summary judgment. We affirm.
Plaintiff, North Central Utilities, filed an original petition stating that Walker Community Water System, Inc., alleged to be a "public entity," advertised for bids for the construction of a water distribution system. Plaintiff alleged that it met all the requirements set forth in the advertisement and specifications for the job and was in fact low bidder on the project. Plaintiff further contended that as a result of its compliance with all the regulations and specifications set forth by the defendant, it should have been awarded the project as low bidder, and should therefore be entitled to an award for loss of profits and expenses incurred as a result of defendant's failure to award the contract to the plaintiff.
In response to these allegations, the defendant filed a peremptory exception of no cause of action. The exception was sustained by the trial court, but reversed by this court. See North Central Utilities, Inc. v. Walker Community Water System, Inc., 437 So.2d 922 (La.App. 2d Cir.1983), for a more detailed account of the facts of the cause here.
Upon remand, the defendant filed a motion for summary judgment, which was sustained based on the trial court's determination that defendant, Walker Community System, Inc., is not a public entity. Plaintiff has now appealed from this ruling.
Plaintiff, North Central, argues in brief that the motion for summary judgment was incorrectly sustained by the trial court and contends that either by its nature, or in the manner in which it advertised and held itself out to the public, Walker Community Water System, Inc. should be required to comply with the public bid laws. Plaintiff contends that in the event that Walker is found not to be subject to the public bid law within the ambit of LSA-R.S. 38:2212, et seq., that plaintiff's petition states a *1327 cause of action under the doctrine of detrimental reliance or equitable estoppel.
Defendant contends that the trial court was correct in its action sustaining the Motion for Summary Judgment in that there is no material issue of fact involved as Walker is not a "public entity" and there is no "public works contract" at issue.
The crux of the state's public bid law is set forth in LSA-R.S. 38:2212 which provides in pertinent part that:
All public work exceeding [in costs] ... the sum of $5000.00 ... to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised....
The same subsection provides that "[N]o such public work shall be done ... except as provided in this Part." Thus, initially at issue here is whether the job for construction of a water distribution system constitutes a "public work" and whether Walker Community Water System is a "public entity" under the same provision.
LSA-R.S. 38:2211 provides the definition of a "public entity" as used in public bid legislation. Section A, paragraph 1 provides:
"Public entity" means and includes the State of Louisiana, or any agency, board, commission, department or public corporation of the state, created by the constitution or statute or pursuant thereto, or any political subdivision of the state, including but not limited to, any political subdivision as defined in Section 44 of Article VI of the Louisiana Constitution, or any public officer whether or not an officer of a public corporation or political subdivision....
Walker Community Water System, Inc. is organized under the non-profit corporation laws, LSA-R.S. 12:201 et seq. Its articles of incorporation state that the purpose of the corporation is to "associate its members together for their mutual benefit and to that end to construct, maintain and operate a private water system for the supplying of water for domestic, livestock, garden, industrial and commercial purposes...."[1]
When the definition of "public entity" is read with the provisions of LSA-R.S. 38:3212 it becomes clear that the term means an entity which was established by the state constitution, legislative acts, or acts or ordinances of some political subdivision, not a corporation such as Walker Community Water System.
Walker Community Water System holds a non-profit corporate charter from the State of Louisiana. Appellant has cited no provision of the constitution or any law of this state or of any parish or municipality of the state which authorizes the establishment of this particular entity. Likewise, we are unaware of any such provision. It is not sponsored by any parish or city council or by any department of the government. It promotes the special interest of its members, namely the construction and use of a water distribution system. The fact that this service may be provided to benefit the public does not mandate a finding that Walker Community Water System is a public body. We are in agreement with the trial court that Walker Community Water System does not fit within the definition of a public entity.
Having determined that the defendant is not a public entity, it is unnecessary under the statute in question that we determine whether the project at issue is a "public *1328 work." We therefore pretermit that question.[2]
The second issue we address concerns plaintiff North Central Utilities' argument that in the event Walker Community Water System is held not to be a "public entity" and therefore not subject to the public bid laws, then under a theory of detrimental reliance or equitable estoppel, Walker should be held responsible for North Central Utilities' loss of profit and expenses due to its failure to accept the lowest responsible bidder under advertised requirements which coincide with the public bid laws. Thus, plaintiff contends that summary judgment is inappropriate as to this portion of his petition.
Walker advertised for bids to be "received by the Board of Directors of the Walker Community Water System, Inc." The advertisement indicated where information regarding bid forms, project specifications and bonds could be obtained. A paragraph of the advertisement read, "The Owner reserves the right to waive any informalities or to reject any or all bids."
Plaintiff indicates that defendant has breached a duty to it as the lowest bidder by failing to comply with provisions of the specifications and contract documents which were required to be complied with by all prospective bidders. Namely, plaintiff directs our attention to Division A, Part A1-10 of the General Provisions of the Project Specifications which reads as follows:
A1-10 METHOD OF AWARD: If at the time this contract is to be awarded, the lowest base bid submitted by a responsible bidder does not exceed the amount of funds then estimated by the Owner as available to finance the contract, the contract will be awarded on the base bid only. If such bid exceeds such amount, the Owner may reject all bids or may award the contract on the base bid combined with such deductible alternates applied in numerical in which they are listed in the Proposal Form, as produces a net amount which is within the available funds.
Initially, we note that the law requires an offer and an acceptance before a contract is formed. Upton v. Fidelity Standard Life Insurance Company, 185 So.2d 297 (La.App. 1st Cir.1966). Thus, the central issue is whether the defendant's advertisement amounts to an offer such that the plaintiff's bid is an acceptance and completes the formulation of a contract.
The Third Circuit recently dealt with a similar problem in Eames v. James, 452 So.2d 384 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 123 (La.1984). In this suit for specific performance, the defendants had sought bids for the sale of timber through the mailing of a "timber notice" to various conveniently located lumber companies. Plaintiff's suit complained that the defendants had breached an obligation to the plaintiff by failing to accept the plaintiff's bid which was alleged to be the highest offer. The court succinctly discussed the applicable law and determined that the timber sales notice was not an offer for sale of the timber, but was merely an invitation to submit a bid for that timber, in the following terms:
In the common law, it is well settled that a request for bids for the sale of an object is not an offer obliging the one extending the invitation to accept the highest of any of the bids. These requests for bids are considered only as invitations to others to make offers. 17 C.J.S. Contracts, § 48 (1963); William A. *1329 Berbusse, Jr., Inc. v. North Broward Hospital District, 117 So.2d 550 (Fla. App. 2 Cir.1960). This rule is true even where the call for bids does not reserve the right to reject any and all bids, unless the language explicitly states otherwise. Olson v. Beacham, 102 N.W.2d 125 (N.D.1960); Bromley v. McHugh, 122 Wash. 361, 210 P. 809 (1922).
The aforementioned rule of law is basically the same in Louisiana. For any proposal to qualify as an offer, it must reflect the intent of the author to give to the other party the right to concluding the contract by assent. Where this intent is not present, the proposal cannot be considered an offer, but rather an invitation to negotiate or an expression of willingness to receive offers from others. LSA-C.C.Art. 1803; LSA-C.C.Art. 1813; 1 S. Litvinoff, La.Civil Law Treatise, Obligations, § 130 (1969); Foster v. Tullos, 341 So.2d 85 (La.App. 3 Cir.1976).
. . . . .
For a proposal to constitute an offer, it must firmly reflect the intent of the author to enter into a contract. A. Levasseur, Precis In Conventional Obligations, A Civil Code Analysis (1980). "Unequivocal words, expressive of mere intent, do not make an obligation." LSA-C.C.Art. 1814. We find that the reference to the defendants as "Sellers" merely indicates an intent to sell, and does not constitute an offer to accept the highest bid.
Eames v. James, supra, at 386-387.[3]
We discern no basic differences in the facts of the instant case and those of Eames, supra, even though the instant plaintiff seeks damages and the Eames plaintiff sought specific performance. Here, the defendant's advertisement for bids was merely an invitation for the plaintiff and others to make an offer. It follows that if the defendant's invitation to receive bids is not an offer, plaintiff cannot maintain an action which contends he was damaged by relying on defendant's "invitation." Thus, plaintiff's contentions with respect to detrimental reliance (or equitable estoppel), even if proven, would not entitle the plaintiff to relief thereon. Thus, the plaintiff is entitled to summary judgment with respect to these allegations as a matter of law. LSA-C.C.P.Art. 966(B).
We therefore affirm the judgment of the trial court sustaining the motion for summary judgment at appellant's cost.
AFFIRMED.
NOTES
[1] Defendant filed two affidavits in support of its motion for summary judgment. The first was that of the president of Walker Community Water System, Inc., Grace M. Walker. Mrs. Walker deposed that Walker is a non-profit corporation and further that "Walker Community Water System, Inc. is not a `public entity' and did not let any `public work contract.'" The second affidavit filed was that of Nimrod T. Andrews, State Director of Farmers Home Administration, U.S. Department of Agriculture, who deposed that the FHA had made a loan to Walker Community Water System, a non-profit corporation, for the purpose of installing a "member owned and operated domestic water supply system." He further stated that it was the FHA's understanding that Walker was not a public body.
[2] If the defendant had been determined to be a "public entity," the resulting question of whether this project was a "public work" or whether it simply involved a "service" is perhaps close. In determining that telecommunications services provided in a public building were not a public work, the Louisiana Supreme Court defined a "public work" as "a building, physical improvement, or other fixed construction." Wallace Stevens, Inc. v. LaFourche Parish Hospital District No. 3, 323 So.2d 794 (La.1975). See also Browning-Ferris, Inc. v. City of Monroe, 465 So.2d 882 (La.App. 2d Cir.1985), writ denied, 467 So.2d 538 (La.1985), where a landfill excavation was determined not to be a public work; and LaFourche Parish Water District No. 1 v. Carl Heck Engineers, Inc., 346 So.2d 769 (La. App. 1st Cir.1977), writ denied, 349 S.2d 873 (La. 1977), in which a contract for consultant engineering services was determined not to involve a public work.
[3] See also Arthur Linton Corbin, Corbin on Contracts, Vol. 1, § 24 (1963). This treatise provides generally the same analysis on the question of whether an invitation to bids is an offer as did the Eames court and suggests the same result.