BARRY, Judge.
Guaranty Corporation appeals the decision which sustains Harry Gamble, Jr.’s exception of no cause of action and dismisses Guaranty’s lawsuit. We affirm.
On March 29, 1988 Gamble, as chairman and voting trustee of a voting trust, entered into a Stock Sale Restriction Agreement with Tweedy, Browne & Knapp (“TBK”), a Guaranty stockholder. The two parties agreed not to sell any of their Guaranty stock unless the offer by which one party agreed to sell its stock was also offered on the same terms and conditions to the other parties to the agreement. On April 19, 1988 Guaranty offered to buy TBK’s shares in Guaranty for $16,000 per share. TBK refused the offer. On January 24,1989 Guaranty and Gamble entered into an Act of Redemption Agreement in which Guaranty paid Gamble $16,000 per share. TBK sued Guaranty in federal court contending that the stock purchase violated the stock sale restriction agreement between TBK and Gamble. Guaranty sustained $6,347.77 in attorney’s fees to defend the federal suit which was dismissed due to lack of subject matter jurisdiction.
*215 Guaranty now claims that it is entitled to recover those fees from Gamble. Guaranty claims that pursuant to the Act of Redemption Agreement, the seller warranted that he was free to sell the shares and reasonable attorney’s fees would be awarded to the party that prevailed in any action brought pursuant to the Act. Gamble filed an exception of no cause of action which the trial court sustained and Guaranty appeals.
Guaranty’s suit against Gamble is based on Section 3 of the Act which states:
3. Representations And Warranties Of Sellers
Each of the Sellers hereby represents and warrants that he or it is the sole owner of the Trust Certificate Shares and Common Shares listed next to his or its name in Section 2 above, that all such shares are free and clear of liens and encumbrances of any kind, and that there are no contracts or restrictions of any kind which would restrict their right to execute this agreement....
Section 8 of the Act states in part:
8. General Releases
Sellers further agree to hold the Purchaser harmless from any claims which might arise as a result of a breach of obligation pursuant to Seller’s representations and warranties herein.
Section 17 of the Act states:
17. Litigation
In the event litigation should ensue over this Agreement it is agreed that the prevailing party shall, in addition to any other remedy available, be entitled to recover reasonable attorney’s fees.
Guaranty argues that Gamble should be indemnified pursuant to Section 8 for expenses incurred in the litigation with TBK and pursuant to Section 17 for attorney’s fees. Gamble replies that Guaranty’s petition does not show a breach of his obligation (Section 3) because Guaranty offered both TBK and Gamble the same terms for the stock sale, $16,000 a share. Also, Guaranty was provided a copy of the Stock Sale Restriction Agreement by TBK.
When considering an exception of no cause of action, the reviewing court must take the allegations in plaintiff’s petition as true. Tooke and Reynolds v. Bastrop Ice and Storage Co., 172 La. 781, 135 So. 239 (La.1931); Succession of Gladney, 223 La. 949, 67 So.2d 547, 548 (La.1953). Conclusions as to meanings of written agreements and conclusions of law need not be accepted as correct. Succession of Gladney, 67 So.2d at 548.
Taking all of Guaranty’s allegations as true, its claim must fall. Section 17 applies only to litigation between the parties. Section 8 (the hold harmless clause) applies to claims instituted against buyers by third parties. TBK’s suit against Guaranty was dismissed, thus there was no judgment against Guaranty which could be paid by Gamble.
Section 8 does not provide for attorney’s fees. Section 8 requires a breach by Gamble and there was none since Guaranty offered to buy TBK’s stock for the same price that it paid for Gamble’s stock.
The exception of no cause of action and dismissal of Guaranty’s claim is affirmed.[1]
AFFIRMED
BYRNES, J., dissents.

. In Guaranty’s Supplemental Memorandum, it asks alternatively for a remand to give them leave to amend in order to prove that TBK's suit against it would have been meritorious and that Gamble did indeed breach its warranty. Guaranty’s request is denied. Section 8 does not allow for attorney’s fees and Section 17 does not apply to this case. Additionally, there was no judgment in favor of TBK from which Gamble could hold Guaranty harmless. Remanding the case would be futile.