Jean Valette BERTHELOT, et al.

v.

TRAVELERS INSURANCE CO., et al.

Civil Action No. 96–4121.

United States District Court,
E.D. Louisiana.

June 5, 1997.

Bradford R. Roberts, II, Robert Andrew Preston, Jr., Roberts, Katz & Baudier, New Orleans, LA, for plaintiffs.

John Francis Olinde, Simeon B. Reimonenq, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, LLP, New Orleans, LA, for Travelers Ins. Co., Travelers Health Network of Louisiana, Inc., MetraHealth Care Plan of Louisiana, Inc., MetraHealth Ins.Co., United Health and Life Ins. Co.

Virginia N. Roddy, Jennifer M. Lawrence, Preaus, Roddy & Krebs, New Orleans, LA, for United Wisconsin Life Ins. Co.

Dan Richard Dorsey, Porteous, Hainkel, Johnson & Sarpy, New Orleans, LA, for Principle Health care of Louisiana, Inc.

### ORDER AND REASONS

DUVAL, District Judge.

Before the Court are the following motions:

(1) a Motion for Summary Judgment filed by United Wisconsin Life Insurance Company ("United Wisconsin");

(2) a Motion to Dismiss and for More Definite Statement filed by Principal Health Care of Louisiana, Inc. ("Principal"); and

(3) a Motion for Summary Judgment filed by Travelers Insurance Company, Travelers Health Network of Louisiana, Inc., MetraHealth Care Plan of Louisiana, Inc. MetraHealth Insurance Company, and United Health and Life Insurance Company (collectively referred to as "Travelers").

Having reviewed the pleadings, memoranda, exhibits, deposition testimony and the relevant law, and having heard oral argument on

these motions on May 28, 1997, the Court finds merit in all three motions for the reasons that follow.[1]

### Background

Plaintiffs in this matter are Jean Valette Berthelot ("Berthelot"), Susan M. Gambles ("Gambles") and Elizabeth Allmand ("Allmand") individually and "on behalf of all others similarly situated."[2] Berthelot, who works for the Orleans Parish School Board (the "School Board"), was covered by an "HMO" plan obtained by the School Board through Travelers when the harm alleged with respect to obtaining a mammogram occurred. She is presently covered by a different plan, again obtained by the School Board, that is provided through Principal. Gambles and Allmand, who are employees of Berthelot's counsel, are insured through another group plan provided by United Wisconsin.

Berthelot, who has a malpractice suit also pending before this Court, alleges that she was denied a mammogram and that as a result, she now has terminal breast cancer because of the failure to detect the malignancy which would have been found had she not been "denied" a mammogram under the plan. She maintains in this suit that because she did not know her minimal rights under state and federal law[3] with respect to mammographies, she was unable to demand her state mandated rights. The other two plaintiffs have alleged no actual injury. In this lawsuit, plaintiffs seek the following declarations:[4]

(1) that plaintiffs and members of this class have the right to be advised of the rights given to them by the State and Federal mandated medical insurance laws;

(2) that "defendants" have the obligation to advise plaintiffs and members of this class of the rights granted to them by State and Federal mandated medical insurance laws;

(3) that Travelers, Principal and United Wisconsin must notify all **beneficiaries** of their medical insurance plans of the benefits granted to them by State mandated medical insurance laws relating to mammograms; and

(4) that Travelers, Principal and United Wisconsin must notify **their health care providers,** including primary care physicians, of the obligation pursuant to the applicable State mandated medical insurance laws relating to mammograms;

They also seek attorneys' fees and costs; compensatory and punitive damages; and trial by jury.

Thus, plaintiffs have two claims against each of the insurance companies. They contend (1) that La.Rev.Stat. 22:215.11 requires insurance companies to inform both beneficiaries and health care providers of the state minimum mandated medical insurance law and (2) that ERISA likewise requires the defendant insurance companies to inform both beneficiaries and health care providers

---

1. Plaintiffs did not file as required under LR56.2E a statement of "the material facts as to which there exists a genuine issue to be tried." As such, all factual allegations contained in the movers' Statement of Uncontested Facts are taken as true.

2. Plaintiffs have filed this matter seeking class certification; however, the Court has not ruled on the motion and as result of the dismissal of this case by this order, such motion has become moot.

3. There is a minimum state standard under Louisiana law with respect to mammograms. It is contained at La.Rev.Stat. 22:215.11. The plans at issue, that is Travelers, Principal and United Wisconsin all meet or surpass these minimums, and their plans delineate coverage as required under 29 U.S.C. § 1022 which is the ERISA statute that sets forth the requirements with respect to a plan

description and summary plan description required under ERISA. There is no mention of a requirement to include state minimum requirements in the plan description under the ERISA provision. Furthermore, there are no ERISA mandated requirements for coverage to be provided under ERISA.

4. The State of Louisiana, through the Department of Health and Hospitals (erroneously referred to as the Louisiana Department of Health and Human Resources) and the United States Department of Health and Human Resources were defendants but have been dismissed by the consent of the parties. Furthermore, all requests for relief with respect to unnamed parties are moot as the Court by its May 12, 1997 order has dismissed these claims.

of the state minimum mandated medical insurance law. As such, they seek redress for the defendant insurance companies' failure to fulfill these alleged legal duties. The Court will first analyze these allegations with respect to United Wisconsin.

### Standard for Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco,* 76 F.3d 651 (5th Cir.1996), (citing *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 912–13 (5th Cir.) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986). Finally, the court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The court now turns to the merits of the arguments with these standards in mind.

### United Wisconsin's Motion for Summary Judgment

The United Wisconsin plan is one issued to the American Medical Security Trust Policy No. CMM 1000 ("the plan"), which funded the benefits defined therein to eligible participants in the employee welfare plan sponsored by Roberts, Katz and Baudier. Coverage for plaintiffs attached in August of 1995 and continued through the date of filing the Complaint.

The United Wisconsin plan provides as follows:

PAP TEST AND MAMMOGRAPHY COVERAGE

Benefits are provided for an annual pap test. Benefits are also provided for mammographic examinations performed according to the following schedule:

1. one baseline mammogram for any woman who is thirty-five through thirty-nine years of age;

2. one mammogram every twenty four months for any woman who is forty through forty nine years of age, or more frequently if recommended by her physician;

3. one mammogram every twelve months for any woman who is fifty years of age or older.

This benefit is effective the later of January 1, 1993 or the effective date of Your Policy.

(United Wisconsin's Exhibit 4). This language is **identical** to La.Rev.Stat. 22:215.11 thus bringing the policy in line with state law requirements for such coverage.

■ United Wisconsin argues in its motion that (1) no claim has been stated under ERISA for the alleged technical violations of ERISA's notification requirements; (2) there is no requirement under ERISA that participants be notified of any rights to mandated medical benefits; (3) there is no requirement under ERISA that disclosure or reporting be made to health care providers or primary

care physicians; and (4) it is the plan administrator alone, not the health insurer, who under ERISA is responsible for disclosure and reporting. Plaintiffs have failed to provide any valid legal support for their position to the contrary.

Plaintiffs have relied on the following statutes under ERISA contained in Title 29 of the United States Code as a basis for their suit against all of the insurers, but in this instance United Wisconsin:

(1) Section 1001(b) which is the general provisions and declaration of the policy behind ERISA. There is absolutely no provision therein for a duty to inform alleged by plaintiffs;

(2) Section 1021(a) which outlines the duty of disclosure and reporting for the **administrator** of an employee benefit plan; it is uncontested that United Wisconsin is **not the administrator** under this plan;

(3) Section 1022(a)(1) delineates what must be contained in the plan description; it makes **no mention** of any requirement for disclosing state mandated benefits therein;

(4) Section 1024(b)(1) which concerns publication of a summary plan description and modifications thereto and distribution thereof by **the administrator**; again United Wisconsin is not the administrator and thus provides no basis for this suit;

(5) Section 1102 concerns the establishment of a plan and the fact that the written instrument creating the plan must provide for one or more named fiduciaries to operate and administer the plan. There is no proof that United Wisconsin could in any manner be construed as such a fiduciary. Indeed the only mention made by plaintiffs in this regard in their opposition to this motion is that the plan administrator listed in the Notice of Insurance Administrator is American Medical Security, Inc., and the plan sponsor is the employer[5];

(6) Section 1104(a)(1)(A)(i) which explains the fiduciary's duties. As United Wisconsin is not a fiduciary, the "prudent man standard of care" is irrelevant in the context of this suit. Furthermore, even if it were applicable, the Court sees no basis in law for a requirement for an insurance company to set out state law in a plan description. ERISA's aim is to provide information with respect to coverage provided. Here, United Wisconsin's plan provides exactly what is required under state law and states so plainly in the plan. Plaintiffs' allegations verge on the absurd;

(7) Section 1109(a) provides for liability for breach of fiduciary duty and section 1132(a)(3)(B) concerns the civil enforcement provisions. Because there is no duty as alleged by plaintiffs, the enforcement mechanism is irrelevant.

Plaintiffs, simply put, have not stated a claim for relief under ERISA.

Section 1022 describes in detail what specifically must be included in the plan description and summary plan description. The statute provides:

(a)(1) A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to **reasonably apprise such participants and beneficiaries of their rights and obligations *under the plan.***

. . .

(b) The plan description and summary plan description shall contain the following information: The name and type of administration of the plan; the name and address of the person designated as agent for the service of legal process, if such person is not the administrator; the name and

---

address of the administrator; names, titles and addresses of any trustee or trustees (if they are persons different from the administrator); a description of the relevant provisions of any applicable collective bargaining agreement; the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the source of financing of the plan and the identity of any organization through which benefits are provided; the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; the procedures to be followed in presenting claims for benefits under the plan and the remedies available under the plan for the redress of claims which are denied in whole or in part (including procedures required under section 1133 of this title).

29 U.S.C. § 1022 (emphasis added). Nothing in this statute gives rise to or can be said to imply any kind of obligation to tell anyone about what the minimum requirements of state law coverage are. Furthermore, any obligation rests on the plan administrator which is uncontestedly **not** United Wisconsin.

There is no allegation in the Complaint that the plan description does not adequately give notice to the participants concerning their rights under the plan, nor can there be, having reviewed the United Wisconsin plan. As noted, the plan description contains provisions which comport exactly with the state minimum requirements under La.Rev.Stat. 22:215.11.

█ As to any state law claim that there is a "duty" arising out of the state statute, the Court finds that there is simply **no support** for plaintiffs' contentions. The statute, La. Rev.Stat. 22:215.11, makes no mention of any requirement that insurance companies must give notice that there are minimum requirements. Any argument that such a duty is implied therein borders on the specious.

Article 5 of the Louisiana Civil Code provides that "no one may avail himself of ignorance of the law." The Louisiana Supreme Court has also stated relying on La. Civ.

Code art. 7 that "[a]fter the promulgation of a law, each person is charged with the knowledge of it." *Reichenphader v. Allstate Ins. Co.*, 418 So.2d 648, 649 (La.1982). As such, it is ludicrous to contemplate such an "implied" duty in La.Rev.Stat. 22:215.11.

Plaintiffs' claims against United Wisconsin are devoid of merit and must be dismissed. The Court will now examine the claims against Travelers and Principal.

**Principal's Motion to Dismiss and for More Definite Statement and Travelers' Motion for Summary Judgment**

To begin, plaintiffs contend that jurisdiction is based on 29 U.S.C. §§ 1109(a), 1132(a)(1)(B), (a)(3) and (e)(1) of the Employee Retirement Income Security Act ("ERISA"); 28 U.S.C. §§ 2201, 2202, (the Declaratory Judgment Act), the Declaration of Independence and the 14th Amendment to the U.S. Constitution. Diversity jurisdiction is not applicable as Principal is a Louisiana corporation, and the plaintiffs are Louisiana citizens. The Declaration of Independence and the 14th Amendment to the U.S. Constitution do not provide jurisdiction over Travelers and Principal, private corporations.

█ With the dismissal of the United Wisconsin claim, any basis for jurisdiction over the other two claims evaporates, and they too must be dismissed. The Travelers' and Principal plans upon which Berthelot has based her claim are employee benefit plans that are "governmental plans" to which ERISA does not apply. 29 U.S.C. § 1003(b). The term "governmental plan" is defined under ERISA as plans "established or maintained for its employees by the government of the United States, **by the government of any State or Political subdivision thereof, or by any agency or instrumentality of any of the foregoing.**" 29 U.S.C. § 1002(32) (emphasis added).

The Orleans Parish School Board is an agency or instrumentality of a political subdivision of the State of Louisiana, namely the Parish of Orleans. Thus, because the plan consists of a contract between the Orleans Parish School Board and Principal, it is exempt from the constraints of ERISA, and

ERISA cannot provide a jurisdictional basis for the suit.

In *Shirley v. Maxicare Texas, Inc.,* 921 F.2d 565 (5th Cir.1991), a Texas school districts' health plan was a "governmental plan" exempt from provisions of ERISA, and thus the district court lacked subject matter jurisdiction. In *Shirley,* a school district employee brought suit in state court seeking a declaration that the health insurer was obliged to pay for a liver transplant. The case was removed from state court, and the federal district court ordered arbitration. On appeal, the Untied States Court of Appeals for the Fifth Circuit found that the district court had not had jurisdiction to order arbitration. The court cited and relied on *Brown v. Northwestern Nat' Life Ins. Co.,* 1987 WL 18813 (E.D.La. Oct.22, 1987) (Collins, J). *See also Hightower v. Texas Hospital Association,* 65 F.3d 443 (5th Cir.1995).

Thus, ERISA provides no basis for relief as to the claims against Travelers and Principal. As there is no claim against United Wisconsin, there can be no supplemental jurisdiction over any purported state law claim under 28 U.S.C. § 1367.

Furthermore, for the same reasons delineated above, even if the Court were to be allowed to address the substantive claims against Travelers and Principal, the Court would find no merit in them. There is simply no duty as alleged by plaintiffs, and this matter must be dismissed as to all defendants. Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed by United Wisconsin Life Insurance Company, the Motion to Dismiss and for More Definite Statement filed by Principal Health Care of Louisiana, Inc., and the Motion for Summary Judgment filed by Travelers Insurance Company, Travelers Health Network of Louisiana, Inc., MetraHealth Care Plan of Louisiana, Inc. MetraHealth Insurance Company, and United Health and Life Insurance Company are **GRANTED.**