JiMURRAY, Judge.
Delta Testing and Inspection, Inc., (hereinafter Delta) filed suit against the Ernest N. Morial New Orleans Exhibition Hall Authority [1] and Professional Services Industries, Inc., (hereinafter PSI), for monetary damages incurred when Delta was not awarded a bid for services in connection with the phase III expansion of the Convention Center. Delta later supplemented its petition to allege a breach of a contract it claims existed between the Convention Center and each of the firms to whom a request for proposal had been sent.
The Convention Center and PSI each filed Exceptions of No Cause of Action. PSI was dismissed without prejudice by Delta shortly after the hearing on the Exceptions. The trial court maintained the Exception filed on behalf of the Convention Center, and dismissed Delta’s claim. We affirm.

\.¿FACTS:

On August 5, 1995, the Convention Center mailed out letters to various local firms requesting that they submit proposals to supply quality assurance testing for the phase III expansion of the Convention Center. One of these letters was sent to Delta. Delta timely submitted a proposal as did three other firms. The Convention Center selected PSI to perform the work. The suit from which this appeal arises was filed on January 30,1996.[2]

LAW AND ANALYSIS:

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, *124 1235 (La.1993). The court must accept the well-pleaded allegations of fact as true, and the issue at trial is whether, on the face of the petition[3], the petitioner is legally entitled to the relief sought. Everything on Wheels, supra.
Delta alleged in its original petition that at the time the request for proposal was sent out, the Convention Center had in full force and effect an Open Access Plan which had been adopted for work done on the Convention Center. The petition alleged that the Open Access Plan required that all bidders meet the minority business enterprise and women’s business enterprise requirements set Igforth in the plan. Further, the requirements for the proposal stated a bidder should indicate its previous experience in performing testing laboratory services. Delta claimed that PSI gave a false statement in this regard. Despite the fact that PSI was not a responsive bidder, it was awarded the contract. Delta claims that it should have been awarded the contract, and that it suffered monetary damages because it was not.[4]
Delta claims that these allegations state a cause of action for breach of contract. The contract breached was the one under which the Convention Center obligated itself to choose a testing laboratory from those firms submitting a proposal meeting the requirements of the request for proposal. The breach occurred when the Convention Center chose PSI, a non-responsive bidder, to do the work.
Assuming Delta’s allegations to be true, we must determine if Delta has stated a cause of action under applicable substantive law. The issue we must address is: was the request for proposal sent out by the Convention Center an offer such that Delta’s bid amounted to an acceptance and completed the formation of a contract?
This issue was addressed in Eames v. James, 452 So.2d 384 (La.App. 3 Cir.), unit denied, 458 So.2d 123 (La.1984), wherein plaintiff claimed that a “Timber Sales Notice” sent out by defendant was an offer, and plaintiffs submission of a bid was an acceptance of that offer. Thus, when defendant rejected the bid, the “contract” was breached. The Third Circuit explained that in the common law a request for bids for the sale of an object is not an offer |4obliging the one extending the invitation to accept the highest of any of those bids. The requests are merely invitations for others to make offers. Louisiana law is basically the same: for a proposal to qualify as an offer, it must reflect the intent of the author to give to the other party the right of concluding the contract by assent. If there is no such intent, the proposal cannot be considered an offer, but only an invitation to negotiate or an expression of willingness to receive offers from others. Id. at 386.
The request for proposal sent out by the Convention Center is clearly an expression of willingness to receive offers. Recipients of the request were asked to submit proposals in accordance with conditions outlined in an attachment to the request for proposal. Neither the letter nor the attachments state that a firm would be chosen from the proposals submitted. Delta admits that the Convention Center was under no obligation to accept any of the proposals submitted. We do not find that the Convention Center expressed any intent to give Delta the right to conclude the contract by assent. Thus, we find that the request for proposal was not an offer to contract, but was rather an expression of the *125 Convention Center’s willingness to accept offers from others.
Taking all of Delta’s allegations of fact as true, its claim must fall. Because no contract existed between Delta and the Convention Center, none could be breached. The exception of no cause of action and dismissal of Delta’s claim is affirmed.
AFFIRMED.

. The Ernest N. Morial New Orleans Exhibition Hall Authority is the state entity that administers the Ernest N. Morial Convention Center — New Orleans. We will refer hereinafter to both entities collectively as the Convention Center.

. It is apparent from the record before us that Delta sought injunctive relief in December of 1995, although this fact is not mentioned in Delta's brief. The trial court denied Delta’s petition on January 11, 1996, and no appeal was taken.

. Although no evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action, see La.Codc Civ. Proc. art. 931, any documents annexed to the petition being challenged are to be considered by the trial court. McIntyre v. McIntyre, 519 So.2d 317 (La.App. 2 Cir.1988). In the case at bar, Delta annexed to its petition copies of the August 5 request for proposal letter and its attachments, and an Open Access Plan that Delta claims was in effect during the relevant time frame.

. Delta amended its petition to add several new paragraphs. However, we note that these additions are conclusions of law, not allegations of fact. Conclusions as to meanings of written agreements and conclusions of law need not be accepted as correct. Guaranty Corp. v. Gamble, 608 So.2d 214, 215 (La.App. 4 Cir.1992), writ denied, 614 So.2d 80 (La.1993).