11 JONES, Judge.
Plaintiffs/Appellants, Jean Berthelot and others similarly situated, appeal the judgment of the trial court granting the defendants’ exception of no cause of action, and dismissing, with prejudice, their cause of action against various insurance companies under LSA-R.S. 22:215.11. Ms. Berthelot filed this class action lawsuit after she was diagnosed with terminal breast cancer. For the reasons stated more fully herein, we affirm the judgment of the trial court.

FACTS

In the her petition, Ms. Berthelot[1] alleged that on January 7, 1993, she was advised by her gynecologist, Dr. Jacqueline Wycheck, to get a baseline mammogram. Ms. Berthelot, who was an employee for the Orleans Parish School Board, was a member of a Health Maintenance Organization (HMO) plan, obtained through the School Board and underwritten by Travelers Health Network of Louisiana, Inc. (Travelers). The HMO required its female policyholders to get authorization for mammograms through their primary care physician before the HMO would cover any expenses for the mammography.
| ¡.Principal Health Care of Louisiana, Inc. (Principal) is another HMO plan that insured Ms. Berthelot while she was an employee at the School Board.
On February 5, 1993, Ms. Berthelot discussed the advice she received from Dr. Wycheck with her primary care physician, Dr. William Stallworth. However, Dr. Stallworth refused to order a baseline mammogram for her, reasoning that because Ms. Berthelot was only thirty-five years old, she did not need a mammogram. Approximately six months later, Ms. Ber-thelot returned to Dr. Stallworth claiming that she discovered a lump in her breast following one of her routine self-examinations. Dr. Stallworth then ordered a mammogram, which tested positive for infiltrating ductal carcinoma with stage III cancer. As a result, Ms. Berthelot underwent surgery on June 22,1993[2].
*694 On May 8, 1997, Ms. Berthelot filed a class action lawsuit against the defendants under the Health Maintenance Organization Act. In the petition, plaintiff alleged that the defendants should be compelled to pay compensatory damages, attorneys’ fees and costs for the resulting diagnosis of cancer. Additionally, the plaintiff requested that the district court recognize the defendants’ duty to advise the class of their rights to mammograms under both State and Federal medical insurance laws. Plaintiff further requested that Travelers, Principal and United Wisconsin Life Insurance Company (United Wisconsin)[3] be required to notify all of their beneficiaries and health care providers of a female policyholder’s right to have a mammogram under LSA-R.S. 22:215.11. The other plaintiffs also alleged similar causes of action against their respective insurers.

UFE PERAL LAWSUIT

Initially, the plaintiffs filed their lawsuit in the U.S. District Court for the Eastern District of Louisiana using the Employees Retirement Income Security Act (ERISA), and the Health Maintenance Organization Act as the basis for their complaint. The complaint, which was filed on December 20, 1996, alleged that the defendants breached their duty to notify plaintiffs of their rights to certain medical benefits pursuant to Federal and State laws. Specifically, plaintiffs claimed that LSA-R.S. 22:215.11 and 29 U.S.C. § 1022, commonly referred to as ERISA, required insurance companies to inform both beneficiaries and health care providers of the minimum requirements for mammograms.
United Wisconsin Life Insurance and Travelers filed a Motion for Summary Judgment. Travelers and the other remaining defendants (collectively known as Travelers) also filed a Motion for Summary Judgment. Principal Health Care of Louisiana, Inc. (Principal) filed a motion styled “Motion to Dismiss and for a More Definite Statement.” Following oral arguments on all three motions, the district court found merit in all three motions, granted the motions, and dismissed the plaintiffs’ claims against all defendants under ERISA. Additionally, the district court, which classified the plaintiffs’ claim as “ludicrous,” opined that while there is a minimum State standard under Louisiana law with respect to mammograms, as contained in LSA-R.S. 22:215.11, “[njothing in this statute gives rise to or can be said to imply any kind of obligation to tell anyone about what the minimum requirements of state law coverage are.” Berthelot, et al. v. Travelers Insurance 4Co., et al., 973 F.Supp. 596, 599 (E.D.La.1997). Hence, the district court dismissed the plaintiffs’ claim with prejudice.

PRESENT APPEAL

In the. suit that was filed in Civil District Court, plaintiffs alleged the exact same allegations as in the previous federal lawsuit. However, the defendants, Travelers and Principal, filed Exceptions of No Cause of Action and Res Judicata, which were heard on December 12, 1997. Following the hearing, the court found that plaintiffs had failed to state a cause of action against the defendants. Therefore, the court maintained the exceptions of no cause of action and dismissed plaintiffs’ petition with prejudice.
Thereafter, plaintiffs filed their Motion for New Trial. Following oral arguments on March 13, 1998, the court denied plaintiffs motion, holding once again that the plaintiffs had failed to state a cause of action against the defendants. From this ruling, the plaintiffs took this appeal.

NO CAUSE OF ACTION

The plaintiffs argue at length that mammograms should be guaranteed to all wom *695 en regardless of age, and that the trial court erred in determining that their petition failed to establish a cause of action.
“The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition.” See LSA-C.C.P. art. 927; Delta Testing and Inspection, Inc. v. Ernest N. Morial New Orleans Exhibition Hall Authority, et al, |596-2340, 96-2341 (La.App. 4 Cir. 8/20/97), 699 So.2d 122, unit denied 97-2350 (La.12/12/97), 704 So.2d 1194; (citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993)). The court must accept the facts alleged in the petition as true and decide whether, if such facts are proved, the law affords the plaintiff any relief. Id. In reviewing the exception of no cause of action, the reviewing court should conduct a de novo review. Vogt v. Board of Levee Com’rs of Orleans Levee Dist., 95-1187 (La.App. 4 Cir. 9/4/96), 680 So.2d 149.
In the case sub judice, we find that it is not the allegations in the petition that require our review, rather it is the statutory authority relied upon by the plaintiffs. Plaintiffs vigorously argue that LSA-R.S. 22:215.11 imposes on insurance companies the duty to inform policyholders and health care providers of a policyholder’s right to a mammogram under the statute. We disagree.
LSA-R.S. 22:215.11(A)(1) provides, “[a]ny health coverage plan which is delivered or issued for delivery in this state shall include benefits payable for an annual Pap test and minimum mammography examination as provided in this Subsection.” Id. Furthermore, 22:215.11(A)(2) provides in part:
(2) In this Subsection, ‘minimum mammography examination’ means mammography examinations performed no less frequently than the following schedule provides:
(a) One baseline mammogram for any woman who is thirty-five through thirty-nine years of age.
(b) One mammogram every twenty-four months who is forty through forty-nine years of age, |fior more frequently if recommended by her physician.
(c) One mammogram every twelve months for any woman who is fifty years of age or older.
Id. LSA-R.S. 22:215.11(A)(2). From this language, appellants attempt to extricate a duty on the part of the insurer to notify patients and health care providers of their rights to a mammogram under the statute. However, we fail to recognize such a duty.
Section (A)(2) of LSA-R.S. 22:215.11 establishes minimum coverage requirements for “Pap test and minimum mammography examination^].” Subsection (A)(2) of LSA-R.S. 22:215.11 defines “minimum mammography examinations” by setting forth a schedule which determines when a health coverage plan must provide coverage for mammography. We find nothing in the statute that implies a duty on the part of HMOs to inform or disclose to female participants or beneficiaries their right to mammograms.
“[LJegislation is a solemn expression of legislative will, therefore!]] interpretation of a law is primarily the search for the legislature’s intent.” Hutchinson v. Patel, 93-2156 (La.5/23/94), 637 So.2d 415 (La.1994) (citing La.C.C. art. 1). “Hence, when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature.” Id. (citing La.C.C. art. 9).
Appellants do not contend that any of the class members were denied any benefit mandated by the statute. Instead, they claim that under LSA-R.S. 22:215.1, each of the named defendants has an obligation to advise plaintiffs of their rights 17granted to them by the statute. However, we hesi *696 tate to expand the intent of the legislature to include such a duty. Hence, we find that plaintiffs have failed to state a cause of action against defendants, and the trial court correctly maintained defendants’ exceptions of no cause of action.

DECREE

For the reasons stated more fully herein, we affirm the trial court’s judgment granting the defendants’ exceptions of no cause of action.

AFFIRMED.

. Susan Gambles and Elizabeth Allmand were also named as class representatives in this lawsuit. However, for purposes of this opinion, we will make references only to Jean Berthelot.

. Ms. Berthelot subsequently filed a medical . malpractice claim against Dr. Stallworth for his failure to detect the malignant tumor in her breast, which she alleged would have *694 been detected had a mammogram been authorized.

. Gambles and Allmand, who are employees of Ms. Berthelot’s counsel, are insured through United Wisconsin.