THERIOT, J.,
concurring with reasons.
hi agree with the majority that the evidence fails to establish Cutrer’s consent to the purported settlement agreement. However, I find the letter faxed by Cut-rer’s counsel is not an offer, but an invitation to negotiate. For a proposal to qualify as an offer, it must reflect the intent of the author to give to the other party the right of concluding the contract by assent. If there is no such intent, the proposal cannot be considered an offer, but only an invitation to negotiate or an expression of willingness to receive offers from others. Delta Testing and Inspection, Inc. v. Ernest N. Morial New Orleans Exhibition Hall Authority, 96-2340 (La.App. 4 Cir. 8/20/97), 699 So.2d 122, 124, writ denied, 97-2350 (La.12/12/97), 704 So.2d 1194 (citing Eames v. James, 452 So.2d 384 (La.App. 3 Cir.1984)). One who proposes the contract is bound if the offer is made in terms which evidence a design to give the other party the right of concluding by assent, and the other party timely assents. Knecht v. Board of Trustees for State Colleges and Universities and Northwestern State University, 591 So.2d 690, 694 (La.1991).
Cutrer’s letter left two material elements blank: attorney fees and loss of recreation and enjoyment. It is impossible for Open Range to conclude the contract by mere assent. Open Range was pre *1106 sented with an invitation to place an amount in the blank spaces and forward an offer to Cutrer, at which point Cutrer may have either accepted or rejected the offer. The record is clear that Cutrer did not accept Open Range’s offer. Thus, the evidence fails to establish Cutrer’s consent to the purported settlement agreement.